# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DEVIN G. NUNES<br><br>        Plaintiff,<br><br>   v.<br><br>FUSION GPS A/K/A BEAN LLC, GLENN SIMPSON, and CAMPAIGN FOR ACCOUNTABILITY, INC.<br><br>        Defendants. | Civil Case No. 1:19-cv-1148 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS OF DEFENDANTS GLENN SIMPSON AND FUSION GPS**

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................1

**ARGUMENT** ...............................................................................................................................1

    I.    PLAINTIFF DOES NOT HAVE STANDING BECAUSE HE HAS NOT ALLEGED AN INJURY-IN-FACT. ........................................................................................................1

    II.    THE COURT LACKS PERSONAL JURIDICTION OVER DEFENDANTS FUSION GPS AND GLENN SIMPSON ....................................................................4

    III.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO ..8

        A.  PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO ALLEGE THAT DEFENDANTS SIMPSON AND FUSION GPS EACH COMMITTED AT LEAST TWO PREDICATE ACTS ..........................8

        B.  PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO PLAUSIBLY PLEAD EITHER A COGNIZABLE INJURY, OR THAT SUCH INJURY WAS PROXIMATELY CAUSED BY THE ALLEGED RICO VIOLATION ...........................................................................10

        C.  THE COMPLAINT FAILS TO PLAUSIBLY PLEAD THAT DEFENDANTS "RECEIVED ANY INCOME" DERIVED FROM A PATTERN OF RACKETEERING ACTIVITY AS REQUIRED UNDER SECTION 1962(a) .................................................................................................11

        D.  THE COMPLAINT FAILS TO PLAUSIBLY PLEAD THAT DEFENDANTS ACQUIRED OR MAINTAINED ANY INTEREST OR CONTROL OF AN ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY AS REQUIRED UNDER SECTION 1962(b) ...................................................................................................................12

        E.  THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF 1962(c) BECAUSE IT DOES NOT ALLEGE AN ENTERPRISE DISTINCT FROM DEFENDANTS OR THAT DEFENDANTS CONDUCTED THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY. ...............................................12

        F.  THE COMPLAINT DOES NOT ADEQUATELY PLEAD PREDICATE ACTS. ...........................................................................................................13

        G.  PLAINTIFF FAILS TO PLAUSIBLY PLEAD A VIOLATION OF THE RICO CONSPIRACY PROVISION. ............................................................14

    IV.    THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED..........14

**CONCLUSION** .........................................................................................................................15

# INTRODUCTION

Plaintiff's opposition brief does not rescue the Amended Complaint. The brief's diatribe against Fusion GPS does not give this Court subject matter jurisdiction or personal jurisdiction over Defendants Fusion GPS and Glenn Simpson. Nor does it cure the myriad, fatal defects in his RICO claims.

Plaintiff's opposition brief, like the Amended Complaint, contains *ad hominem* attacks and conspiracy theories about Defendants that have no bearing on this case. Likewise, the brief goes so far to say that Defendants Simpson's and Fusion GPS' exercise and assertion of First Amendment rights is "the rot that is decaying the fabric of American society." Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss (Dkt. No. 31) at 24. These extraneous allegations cannot hide the Plaintiff's failure to respond to numerous arguments raised by Simpson and Fusion GPS, including the Amended Complaint's fundamental failure to plead Simpson's or Fusion GPS' alleged involvement in two or more predicate acts. Plaintiff's silence on this issue in his opposition brief, and his unsupported responses to Simpson's and Fusion GPS' other arguments, make plain the Amended Complaint's failure to plead subject matter jurisdiction, personal jurisdiction, or a claim for relief. The Amended Complaint should be dismissed with prejudice.

# ARGUMENT

## I. PLAINTIFF DOES NOT HAVE STANDING BECAUSE HE HAS NOT ALLEGED AN INJURY-IN-FACT.

Plaintiff's allegations in his Amended Complaint (hereinafter "Complaint") do not satisfy his burden of establishing the "irreducible constitutional minimum" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Complaint's conclusory allegations about injury cannot establish an injury-in-fact, and Plaintiff's attempts to add new allegations in *his brief* (as opposed to the Complaint) fail.

1

Although Plaintiff claims that he plausibly alleges standing in paragraphs 4, 77, 79, 84, and 88 of his Complaint, *see* Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss (Dkt. No. 31) (hereinafter "Opp."), nothing in those paragraphs plausibly alleges facts demonstrating that Plaintiff "suffered an injury or threat of injury that is 'credible,' not 'imaginary or speculative.'" *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)). Plaintiff must allege *facts* demonstrating a concrete injury to himself. *See Judson v. Bd. of Supervisors of Mathews Cty., Virginia*, No. 4:18CV121, 2019 WL 2558243, at *4 (E.D. Va. June 20, 2019) (explaining that a motion to dismiss for lack of subject matter jurisdiction "may attack a complaint on its face, insofar as the complaint fails to allege facts upon which the court can base jurisdiction") (citing *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017)). He has not done so in his Complaint.

Instead, the Complaint includes only conclusory allegations that he "was injured in his business, property and reputation by Defendants' racketeering activity and tortious misconduct," Am. Compl. ¶ 4, and conclusory allegations are not entitled to a presumption of truth. *See Beck*, 848 F.3d at 270 (explaining that at the pleading stage, conclusory statements and legal conclusions about the alleged injury are not presumed true). The same goes for all of the other conclusory allegations he claims show an injury-in-fact. *See* Am. Compl. ¶ 77 ("Through a pattern of racketeering activity . . . the Defendants engaged in concerted action the purpose of which was to harass, intimidate, influence, obstruct and impede Plaintiff's investigation, to dissuade Plaintiff from making a criminal referral, and to injure Plaintiff's reputation,"); Am. Compl. ¶ 79 ("Plaintiff suffered injury and loss,"); Am. Compl. ¶ 84 ("Plaintiff suffered injury and loss,"); Am. Compl. ¶ 88 ("Plaintiff suffered damage and incurred loss, including, but not limited to, injury to his

business and reputation, court costs, and other damages."). Plaintiff has pleaded no factual allegations demonstrating concrete harm from Defendants' alleged conduct.

Although Plaintiff impermissibly attempts to amend his allegations concerning standing in his Memorandum in Opposition, *see* Opp. at 5, *the Complaint*'s allegations alone – not any new allegations in an opposition brief – must demonstrate standing. *See Beck*, 848 F.3d at 270 (reviewing the requirements for a plaintiff to satisfy his burden of demonstrating standing in his complaint). Nevertheless, to the extent he argues, *in his brief*, that he has alleged a "threatened injury," his argument fails because a threatened injury must be "'certainly impending,'" *Beck,* 848 F.3d at 272 (holding that the plaintiffs failed to allege that the alleged threatened injury of future identity theft was sufficiently imminent) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013)), and *the Complaint* does not allege facts showing that any purported harm from the Defendants' alleged racketeering activity is "certainly impending," *Beck,* 848 F.3d at 272, let alone how such harm would come about or what the harm would entail.

To avoid these pleading defects, Plaintiff relies on *Allen, Allen, Allen & Allen v. Williams*, 254 F. Supp. 2d 614 (E.D. Va. 2003), *see* Opp. at 6, but that case is inapposite because there, unlike here, the plaintiffs alleged a concrete threat of prosecution. In *Allen*, the plaintiffs alleged that the Virginia State Bar's actions created a chilling effect on their right to advertise, in violation of the First Amendment. *Id.* at 622. The defendants argued that the plaintiffs had not alleged the necessary injury because the Bar's opinions were only advisory and no formal disciplinary proceedings had been initiated. *Id.* at 623. Nevertheless, the plaintiffs had "taken action that the Bar Counsel and a disciplinary committee may find violates the Virginia Rules of Professional Conduct," *id.* at 624, and "[t]he [plaintiffs] do not claim an injury because of an opinion addressing conduct that they might, at some point in the future, wish to take." *Id*. Here, however, Plaintiff

3

Nunes alleges no facts showing a concrete injury. He does not allege any imminent threat of injury from a disciplinary action. He does not allege any actual injury from any of the alleged wrongful conduct. In fact, it is not possible to discern or articulate what concrete injury Plaintiff attempts to allege in his Complaint, or what he alleges specifically caused the unspecified injury. That is why his Complaint fails to allege standing.

Plaintiff fails to plausibly allege any injury to himself. Therefore, he lacks standing, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## II.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS FUSION GPS AND GLENN SIMPSON.

The Complaint fails to establish personal jurisdiction over Defendants Fusion GPS and Simpson.

Plaintiff does not counter any of the jurisdictional facts set forth in Defendant Glenn Simpson's Declaration, attached as Exhibit 1 (Dkt. No. 26-1) to Defendants Simpson's and Fusion GPS' Motion to Dismiss. Plaintiff also does not challenge Simpson's or Fusion GPS' arguments that the Court lacks specific or general personal jurisdiction over Defendants Simpson and Fusion GPS, as set out in Defendants' Memorandum (Dkt. No. 26) at pp. 8-11.  *See* Opp. at 8-11.

Instead of pursuing the basis for personal jurisdiction that he pleads in his Complaint (*i.e.*, specific and general jurisdiction consistent with due process under the Fourteenth Amendment, based on Defendants' alleged contacts with the forum), Plaintiff now advances two new bases for personal jurisdiction not pleaded in the Complaint.[1] He argues that (1) 18 U.S.C. § 1965(d), which

---

[1] In his Complaint, Am. Compl. ¶ 18, Plaintiff alleged: "Each of the Defendants is subject to personal jurisdiction in Virginia pursuant to Virginia's long-arm statute, § 8.01-328.1(A)(1), (A)(3), and (A)(4) of the Code, as well as the Due Process Clause of the United States Constitution. The Defendants are subject to both general and specific personal jurisdiction."

4

permits nationwide service of process, authorizes the exercise of personal jurisdiction over Simpson and Fusion GPS, pursuant to Federal Rule of Civil Procedure 4(k)(1)(C),[2] and (2) the co-conspirator theory permits a non-party's contacts with Virginia to be imputed to Defendants for purposes of establishing personal jurisdiction. Opp. at 9.

As to Plaintiff's first argument, the nationwide service of process provision in § 1965 does not apply here because Plaintiff's RICO claims are "not colorable, *i.e.*, [they are] implausible, insubstantial, or frivolous." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003) (citing cases). Indeed, because the Complaint is "wholly insubstantial and immaterial," *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997), Plaintiff cannot take advantage of nationwide service of process under § 1965. In *D'Addario*, the court found it had personal jurisdiction under § 1965 because the complaint made a "colorable" RICO claim in that it pleaded the elements of a RICO claim – namely, "1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity … (5) he was injured in his business or property (6) by reason of the RICO violation." 264 F. Supp. 2d at 388 (internal quotation marks and citation omitted).

By contrast, and as set forth *infra* at Section III of this brief and in Defendants' opening briefs in support of their motions to dismiss, here Plaintiff fails to plead the elements of a RICO violation, and thus has not pleaded a "colorable" claim. *Id.* "A plaintiff must plead all the elements of a violation under 18 U.S.C. § 1962 in order to state a civil claim under 1964(c)," *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 550 (E.D. Va. 2009) (holding that the plaintiff had

---

[2] That Rule provides: "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant … when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(C).

sufficiently pleaded all of the elements of § 1962 such that the plaintiff could take advantage of the nationwide service of process provision), and Plaintiff Nunes has not done that here.

Plaintiff has not alleged two or more predicate acts by either Simpson or Fusion GPS, *see* Defs.' Mem. in Supp. of Mtn. to Dismiss at 13-16, and thus has not pleaded a pattern of racketeering activity. This is a critical point left uncontested in Plaintiff's opposition brief. The Complaint does not allege a cognizable injury, or that any such injury was proximately caused by Defendant's alleged racketeering activity, *see id.* at 17-19. Plaintiff's brief does not address Defendants' argument that the only direct cause of any alleged harm from the submission of the ethics complaints could be the Office of Congressional Ethic's ("OCE") independent and discretionary decision to investigate Plaintiff – not from anything the Defendants allegedly did. The Complaint also fails to allege an enterprise distinct from the Defendants, *id.* at 20, or predicate acts, *id.* at 22-27. Additionally, the very premise of this claim – that the use of a lawful process created by Congress for the public to submit complaints about the ethical conduct *vel non* of its Members is a predicate act for a RICO violation – is precisely the kind of "implausible, insubstantial, or frivolous" complaint that defeats nationwide service of process. *D'Addario*, 264 F. Supp. 2d at 388. Because Plaintiff's RICO claims are therefore "wholly immaterial or insubstantial," *ESAB Grp., Inc.*, 126 F.3d at 629, he is not "entitled to take advantage of the federal statute's nationwide service of process provision." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) (stating that so long as the federal claim is not "wholly immaterial or insubstantial," a plaintiff may rely on the federal statute's nationwide service of process provision).

Plaintiff's second argument in support of this Court's personal jurisdiction is likewise not included in the Complaint – *i.e.*, that the alleged actions of Non-Party Liz Mair are sufficient to

6

confer personal jurisdiction over Defendants Simpson and Fusion GPS, through "the conspiracy theory of personal jurisdiction." Opp. at 10. The argument is meritless.

First, the "conspiracy theory of personal jurisdiction" does not apply to this case because the Complaint does not allege that Defendants Simpson and Fusion GPS conspired with Mair. In support of this theory, Plaintiff cites to paragraphs 62 and 63 of his Complaint, but the allegations in those paragraphs do not state any facts showing that Simpson, Fusion GPS, and Mair "agreed to commit a substantive RICO offense" and "knew of and agreed to the overall objective of the RICO offense." *United States v. Abed*, 203 F.3d 822 (4th Cir. 2000) (Table). Alleging that "Fusion GPS, acting in concert with CfA and Mair, coordinated the attacks on Plaintiff with McClatchy …" is not sufficient to allege a conspiracy. Am. Compl. ¶ 63. It is yet another conclusory allegation unsupported by any specific, factual allegations and, furthermore, acting "in concert with" is not sufficient to show an agreement. "Mere conclusory allegations that all Defendants generally conspired or helped each other violate Section 1962(a) or (c) [are] insufficient" to establish a conspiracy. *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 608 (D. Md. 2014) (dismissing RICO conspiracy claim because the complaint provided "no details regarding when such an agreement was entered into or the contours of any such agreement.").

Second, the Complaint does not plead facts showing that the Court can exercise personal jurisdiction over Mair. Therefore, even if Mair's contacts with the forum were imputed to Simpson and Fusion GPS, they are not sufficient to establish personal jurisdiction. The Complaint does not allege "adequate minimum contacts" by Mair in Virginia. *St. Paul Fire & Marine Ins. Co. v. Hoskins*, No. 5:10-CV-00087, 2011 WL 1897683, at *3 (W.D. Va. May 18, 2011) (explaining that "[u]nder a conspiracy theory of personal jurisdiction, a conspirator not present in the forum state will, nevertheless, be adjudged to have had a personal presence in the forum State by means of

adequate minimum contacts of the other conspirators.") (internal quotation marks and citation omitted). Moreover, Plaintiff's cause of action does not "aris[e] out of or relate[ ] to," *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014), Mair's alleged contacts with the forum because the cause of action arises out of the alleged ethics complaints submitted by Defendant CfA in the District of Columbia, s*ee* Am. Compl. ¶¶ 55, 58, 61, and the Complaint does not allege that Mair had any involvement with the three alleged CfA ethics complaints. Consequently, the Complaint does not plead specific personal jurisdiction over Mair. Finally, the Complaint does not plead facts showing that the Court can exercise general personal jurisdiction over Mair, *i.e.*, that she is domiciled in Virginia. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO

The Complaint attempts to allege that Defendant CfA's submission of three ethics complaints to the OCE constituted three predicate acts amounting to a pattern of racketeering activity. In his opposition, Plaintiff does not dispute that the Complaint's predicate acts are limited to the Complaint's allegations that CfA submitted three ethics complaints about Plaintiff to OCE.

#### A. PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO ALLEGE THAT DEFENDANTS SIMPSON AND FUSION GPS EACH COMMITTED AT LEAST TWO PREDICATE ACTS.

In Defendants Simpson's and Fusion GPS' opening brief, they point out the Complaint's capital flaw: its failure to allege Defendants Simpson's and Fusion GPS' involvement in two or more predicate acts, namely in two or more of the three alleged ethics complaints filed against Plaintiff. This failure defeats any claim of a RICO violation by either Defendant. *See* Defs' Mem. in Supp. of Mtn. to Dismiss at 13-16 (discussing Am. Compl. ¶¶ 55-64); *Palmetto State Med. Ctr., Inc. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997) (requiring a RICO plaintiff to adequately allege "at a minimum, [that] each RICO defendant committed two acts of racketeering

activity within a ten-year period"). In his opposition brief, Plaintiff does not contest this pleading defect. His silence is tantamount to an admission of this fatal flaw.

Plaintiff, for example, does not dispute the Complaint's failure to allege any personal involvement by Defendant Simpson in the research, drafting, or filing of *any* of the three ethics complaints.

Nor does Plaintiff contest that the Complaint attempts to allege that Fusion GPS was involved *only* in the first ethics complaint. *See* Am. Compl. ¶ 55 (alleging that "CfA, acting in concert with Fusion GPS, faxed an 'ethics' complaint against Plaintiff to the Office of Congressional Ethics," without specifying what "acting in concert" means). For the other two ethics complaints, the Complaint does not include any factual allegations that Fusion GPS had any role in the drafting, research, or submission of the two subsequent ethics complaints. *See* Am. Compl. ¶¶ 58-61 & Defs' Mem. in Supp. of Mtn. to Dismiss at 14-16.

Therefore, the Complaint does not plead that Fusion GPS or Glenn Simpson engaged in a "pattern of racketeering activity," and thus, as to these two Defendants, the analysis of the "pattern" requirement ends here.[3] The RICO claims should be dismissed against these Defendants, on that

---

[3] For the reasons stated in Simpson's and Fusion GPS' opening brief, at pp. 16-17 n.7, Plaintiff fails to adequately allege a pattern of racketeering activity, *i.e.*, that the predicate acts are related and continuous. In his Opposition, Plaintiff concedes that a period of less than two years is insufficient to establish close-ended continuity, *see* Opp. at 15, and here the Complaint alleges acts that span a mere seven months. *See* Am. Compl. ¶¶ 55, 58, 60 (alleging conduct from January 25, 2018 to July 11, 2018). In arguing that the Complaint alleges open-ended continuity, Plaintiff points only to ¶ 70 of the Amended Complaint, but that paragraph concerns alleged payments to Fusion GPS for research that has nothing to do with the alleged predicate acts of submitting the ethics complaints. Moreover, to the extent Plaintiff tries to allege open-ended continuity claiming that "Fusion GPS' dirty tricks and pattern of obstructing justice continue to the present day," Am. Compl. ¶ 71, citing to Simpson's book, *Crime in Progress*, and a Department of Justice Office of Inspector General report, that argument lacks merit because, as explained by the Supreme Court, in analyzing continuity, "*what* must be continuous" are the "RICO's predicate acts or offenses." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Yet the Complaint does not plausibly allege (or even attempt to allege) that *Crime in Progress* or the IG Report are predicate acts; thus,

9

basis alone.

### B. PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO PLAUSIBLY PLEAD EITHER A COGNIZABLE INJURY, OR THAT SUCH INJURY WAS PROXIMATELY CAUSED BY THE ALLEGED RICO VIOLATION.

Likewise, Plaintiff largely ignores Simpson's and Fusion GPS's argument that the Complaint fails to plausibly plead a cognizable injury or that the injury was proximately caused by the alleged RICO violation. *See* Defs' Mem. in Supp. of Mtn. to Dismiss at 17-19. In his brief, Plaintiff acknowledges that a RICO plaintiff must adequately plead that the alleged racketeering activity "led directly" to the alleged harm. Opp. at 18. But Plaintiff merely restates this legal standard and says he met it, without pointing to any specifics in the Complaint to support such a conclusion: "As alleged in Plaintiff's complaint, Defendant's obstruction of justice directly caused injury to Plaintiff's business, property and professional reputation." Opp. at 18. However, the Complaint does not set forth any facts supporting this statement.

The Complaint certainly does not plausibly allege a "direct causal connection between the predicate offense and the alleged harm." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 10-12 (2010) (internal quotation marks omitted). In their opening brief, Defendants Simpson and Fusion GPS explain that any harm to Plaintiff (had he adequately alleged harm) could not have resulted from the alleged predicate acts (Defendant CfA's submission of the ethics complaints), but rather could only have resulted from the OCE's independent decision to investigate Plaintiff. Defs' Mem. in Supp. of Mtn. to Dismiss at 17-19. Plaintiff does not address, let alone dispute, this critical point in his opposition brief.

---

those publications do not relate to the continuity analysis at all, as they do not show that the predicate acts alleged in the Complaint (the ethics complaints) are "a regular way of conducting defendant's ongoing legitimate business." *Id.* at 243.

The Complaint also fails to allege that Plaintiff was "injured in his business or property by reason of a violation" of the statute. *Int'l Data Bank Ltd. v. Zepkin*, 812 F.2d 149, 151 (4th Cir. 1987) (quoting 18 U.S.C. § 1964(c)). Plaintiff does not state facts plausibly alleging that he was injured in his business or property; as discussed previously in Section I, the Complaint describes Plaintiff's alleged "injuries" in a conclusory fashion not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

Therefore, Plaintiff fails to allege proximate cause or a cognizable RICO injury, warranting dismissal of the case with prejudice.

### C. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD THAT DEFENDANTS "RECEIVED ANY INCOME" DERIVED FROM A PATTERN OF RACKETEERING ACTIVITY AS REQUIRED UNDER SECTION 1962(a).

Plaintiff also fails to effectively counter Simpson's and Fusion GPS' argument that the Complaint does not establish that Fusion GPS (or any of the Defendants) "received income derived" from submitting the ethics complaints. The allegation that "[o]n August 1, 2019, Plaintiff learned that CfA paid Fusion GPS almost $140,000 in 2018 to conduct 'research,'" Am. Compl. ¶ 68, does not state facts plausibly alleging that Fusion GPS received income for the alleged ethics complaints. In addition, the allegations about various third-parties' payments to Fusion GPS in 2016 and 2017 for research concerning President Trump, Am. Compl. ¶ 70, do not relate to "income derived" from CfA's alleged 2018 submission of the ethics complaints about Plaintiff (not President Trump), and thus are irrelevant to whether Plaintiff plausibly alleged this requirement under § 1962(a). Plaintiff points to paragraph 2 of his Complaint, but the recitation of the elements of the statute in that paragraph is not a statement of facts showing a plausible claim

for violation of § 1962(a). *See* Opp. at 19 & Am. Compl. ¶ 2. Accordingly, the claim for violation of § 1962(a) should be dismissed.

**D. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD THAT DEFENDANTS ACQUIRED OR MAINTAINED ANY INTEREST OR CONTROL OF AN ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY AS REQUIRED UNDER SECTION 1962(b).**

Plaintiff's bare-bones contention that his "plausible, non-speculative, factual allegations related to Defendants' efforts to obstruct justice in 2018 and 2019 plainly support their claim that Defendants exerted substantial control over the alleged enterprise described above," Opp. at 19, a contention that is unsupported by any citations to the Complaint, does not show how the Complaint makes any factual assertions showing that Defendants "acquir[ed] or maintain[ed]" any interest in or control of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(b). Rather, this argument is yet another example of Plaintiff, in his opposition brief, restating the legal standard and claiming the Complaint meets it, without referring to any specific allegations in the Complaint to support that conclusion. Accordingly, the claim under Section 1962(b) fails.

**E. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF 1962(c) BECAUSE IT DOES NOT ALLEGE AN ENTERPRISE DISTINCT FROM DEFENDANTS OR THAT DEFENDANTS CONDUCTED THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY.**

In his opposition brief, Plaintiff does not – and cannot – point to any specific allegation in the Complaint to support either a plausible allegation of an "enterprise" that is "distinct from the persons alleged to have violated § 1962(c)," *Palmetto*, 117 F.3d at 148, or a plausible allegation that the defendants "conducted or participated in the conduct of the *enterprise's affairs,* not just their *own* affairs." *Myers v. Lee*, No. 1:10CV131 AJTJFA, 2010 WL 3745632, at *3 (E.D. Va. Sept. 21, 2010) (quoting *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993) (emphasis in the original)).

Without pointing to *any* actual allegations in the Complaint, Plaintiff makes the following sweeping statement that he:

> satisfies the pleading requirements by alleging facts regarding the formation, nature and operation of the alleged enterprise. The facts detailed in the complaint support the plausible inference that Fusion, Simpson and CfA did not merely participate in the alleged enterprise through their ordinary business activity, but, at least in the case of Fusion and Simpson, helped to devise and structure an associated group of individuals and businesses whose purpose it was to smear Plaintiff and obstruct justice, including Plaintiff's congressional investigations.

Opp. at 20-21. The inventive details are found only in his brief, not the Complaint, and thus are immaterial.

Plaintiff also contradicts the allegations in his Complaint when he argues: "The enterprise is distinct from Fusion, Simpson and CfA, the individuals alleged to have violated the RICO statute, because it is comprised of other individuals and entities, including Mair and McClatchy." Opp. at 13. In fact, in his Complaint, he defines the enterprise as as an association-in-fact of the *Defendants*, and Mair and McClatchy are not Defendants: "The Defendants are persons associated in fact (a RICO enterprise)." Am. Compl. ¶ 2. For all of these reasons, Plaintiff's § 1962(c) claim fails.

### F. THE COMPLAINT DOES NOT ADEQUATELY PLEAD PREDICATE ACTS.

Plaintiff's opposition barely touches on Simpson's and Fusion GPS' arguments that Plaintiff has failed to adequately allege predicate acts. *See* Opp. at 14-15. Plaintiff merely states, again without citing to allegations in the Complaint, that "[t]he complaint details what Defendants' did, when they did it, and how each act violated each statute." Opp. at 14. But as detailed in Simpson's and Fusion GPS' opening brief, the Complaint does no such thing. *See* Defs.' Mem. in

13

Supp. of Mtn. to Dismiss at 22-27.[4] For all of the reasons explained in that brief, the Complaint fails to plausibly allege a violation of 18 U.S.C. §§ 1343, 1503(a), 1512(b)(1), 1512(b)(2), 1512(d)(2)-(4), or 1513(e). Moreover, the alleged criminal conduct constitutes protected First Amendment activity that cannot violate any of the criminal statutes cited in the Complaint. *See* Defs.' Mem. in Supp. of Mtn. to Dismiss at 26.

### G. PLAINTIFF FAILS TO PLAUSIBLY PLEAD A VIOLATION OF THE RICO CONSPIRACY PROVISION.

Plaintiff does not point to any allegations in his Complaint stating facts that plausibly allege "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant[s] knew of and agreed to the overall objective of the RICO offense." *United States v. Abed*, 203 F.3d 822 (4th Cir. 2000) (Table). Moreover, Plaintiff does not dispute that where a complaint fails to adequately allege a violation of the RICO substantive provisions, 1962(a)-(c), Plaintiff's RICO conspiracy claim also fails. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2 (4th Cir. 2001).

### IV.   THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED.

Because Plaintiff's RICO claims must be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's common law conspiracy claim, 28 U.S.C. § 1367(c)(3).[5]

---

[4] Moreover, although Simpson and Fusion GPS pointed out that 18 U.S.C. § 1503 is not applicable to obstruction of congressional proceedings, *see id.* at 22, and suggested that Plaintiff perhaps intended to plead 18 U.S.C. § 1505, Plaintiff continues to cite only § 1503(a) as a basis for a predicate act, not § 1505. Defendant CfA alerted Plaintiff to this same error in CfA's motion to dismiss Plaintiff's first Complaint, *see* Mem. in Supp. of CfA's Mtn. to Dismiss the First Compl. (Dkt. No. 7) at 22 . At this point, Defendant should be held to have pleaded only § 1503(a), not § 1505.

[5] To the extent that Plaintiff claims that the Court has diversity jurisdiction over this claim, that claim fails. The Complaint does not plead complete diversity because it does not allege the citizenship of any of the parties. *See* Am. Compl. ¶ 5, 8, 9, 12. *See Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 794, 797 (E.D. Va. 2003) (citing *Chemical Leaman Tank Lines Inc. v. Aetna Cas. & Ins. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) for the principle that "[i]n a

14

Furthermore, Plaintiff fails to state a plausible claim for common law conspiracy. He has not alleged any of the elements for such a claim – *i.e.*, "1) an agreement between two or more persons; 2) to participate in an unlawful act, or a lawful act in an unlawful manner; 3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and 4) that the overt act was done pursuant to and in furtherance of the common scheme." *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 618 (E.D. Va. 2009). *See* Am. Compl. ¶ 87 (alleging only that "[t]he Defendants' actions, detailed above, constitute a conspiracy at common law."). His conclusory allegation, without any more specific allegations about an agreement between any of the Defendants and anyone else, fails to establish a plausibly pleaded common law conspiracy. Moreover, the submission of ethics complaints to OCE at OCE's invitation is not an unlawful act or a lawful act in an unlawful manner. *See* Def's Mem. in Supp. of Mtn. to Dismiss at 22-27.

## CONCLUSION

As stated in the opening brief, a dismissal of this case should be with prejudice, Defs' Mem. in Supp. of Mtn. to Dismiss at 1 & 28, and Plaintiff does not request that any dismissal of the Amended Complaint be without prejudice. Therefore, for all of the foregoing reasons and the reasons stated in Simpson's and Fusion GPS' Memorandum in Support of the Motion to Dismiss, the Amended Complaint should be dismissed with prejudice.

---

diversity action, the plaintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed."). Furthermore, the Complaint's conclusory allegations about damages are not sufficient to allege an amount in controversy of more than $75,000. *See Wood v. Maguire Auto., LLC*, 508 F. App'x 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction because plaintiff's "allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth.").

Dated: February 3, 2020

By:   */s/* Kerry Brainard Verdi
Kerry Brainard Verdi
**Verdi & Ogletree PLLC**
1325 G St NW, Suite 500
Washington, DC 20005
Tel: (202) 449-7703
Fax: (202) 449-7701
kverdi@verdiogletree.com

Joshua A. Levy (*pro hac vice*)
Rachel Clattenburg (*pro hac vice*)
**Levy Firestone Muse LLP**
1401 K. St. NW, Ste. 600
Washington, D.C. 20005
jal@levyfirestone.com
Tel: 202-845-3215
Fax: 202-595-8253

*Counsel for Defendants*
*Fusion GPS and Glenn Simpson*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served through the Court's electronic filing system on February 3, 2020 to counsel of record.

                                                       /s/ Kerry Brainard Verdi
                                                         Kerry Brainard Verdi