UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

DEVIN G. NUNES

    Plaintiff,

v.

FUSION GPS A/K/A BEAN LLC, GLENN SIMPSON, and CAMPAIGN FOR ACCOUNTABILITY, INC.

    Defendants.

Civil Case No. 1:19-cv-1148

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANT CAMPAIGN FOR ACCOUNTABILITY, INC.

## Table of Contents

INTRODUCTION ........................................................................................................................ 1
LAW AND ARGUMENT ........................................................................................................... 2
   I.   PLAINTIFF LACKS STANDING TO BRING THIS SUIT ............................................ 2
   II.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT CFA ......... 4
   III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO 6
      a.  Plaintiff Failed to Plausibly Plead a Cognizable Injury or That Such Injury Was Proximately Caused by Defendant CfA's Alleged RICO Violation ....................................... 6
      b.  Plaintiff Fails to State a Claim for Relief Under RICO § 1962(a)-(c) .......................... 7
         i.  The Amended Complaint Fails to Plausibly Plead That Defendant CfA Received Any Income Derived From a Pattern of Racketeering Activity .................................................... 7
         ii.  The Amended Complaint Fails to Plausibly Plead That Defendant CfA Acquired or Maintained an Interest or Control of An Enterprise Through a Pattern of Racketeering Activity ........................................................................................................................... 8
         iii.  The Amended Complaint Fails to Plausibly Plead an Enterprise Distinct from Defendants .................................................................................................................... 8
         iv.  The Amended Complaint Fails to Plausibly Plead a Pattern of Racketeering Activity ........................................................................................................................... 9
         v.  The Amended Complaint Does Not Adequately Plead Predicate Acts ................... 10
      c.  Plaintiff Fails to State a Plausible Claim of RICO Conspiracy ..................................... 13
   IV.  THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED .............. 13
CONCLUSION ........................................................................................................................... 14

## INTRODUCTION

Defendant Campaign for Accountability, Inc, ("CfA") denies the allegations and claims set forth in the Amended Complaint and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition"). Plaintiff's Opposition, failed to address many of the substantive arguments set forth in CfA's Memorandum in Support of its Motion to Dismiss the Amended Complaint. Plaintiff's Opposition is riddled with fatal inadequacies and fails to overcome the defects of the Amended Complaint.

Throughout his Opposition, Plaintiff relies on case law that is factually unrelated and distinguishable from the case at hand. Simply put, Plaintiff's vague and factually unsupported allegations and arguments cannot survive Defendant CfA's Motion to Dismiss the Amended Complaint and the Amended Complaint should be dismissed with prejudice.

The Amended Complaint must be dismissed with prejudice because this Court lacks jurisdiction and it fails to state a plausible claim for RICO or common law conspiracy. This Court lacks subject matter jurisdiction because the Plaintiff does not have standing. This Court lacks personal jurisdiction over CfA because Plaintiff has not pled a colorable RICO claim and the Amended Complaint fails to allege sufficient contacts in Virginia to satisfy the long arm statute. The Amended Complaint fails to state a colorable RICO claim because it fails to allege any RICO injury, proximate cause, predicate acts, or a pattern of racketeering activity against Defendant CfA. Further, the Amended Complaint fails to allege a plausible violation of 18 U.S.C. §§ 1962(a)-(c) by Defendant CfA. Because the RICO claims fail, this Court lacks subject matter jurisdiction over the inadequately pled common law conspiracy claims. Accordingly, Plaintiff's Amended Complaint must be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

## LAW AND ARGUMENT

### I. PLAINTIFF LACKS STANDING TO BRING THIS SUIT

In order "to demonstrate the 'irreducible constitutional minimum' of standing, a plaintiff must show: (1) an injury in fact; (2) a causal connection between the injury and alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision." *Carroll v. Washington Gas Light Fed. Credit Union*, 2018 U.S. Dist. LEXIS 114632, at * 4 (E.D. Va. Apr. 4, 2018) (O'Grady, *J.*) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 55, 560-61 (1992)). Specifically, "[t]o demonstrate injury in fact, a plaintiff must show an 'invasion of a legally protected interest' that is (1) actual or imminent; (2) particularized; and (3) concrete. *See Id.* (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016)). Alleging "mere statutory injury is insufficient to confer standing where it does not also result in some real harm to the plaintiff. *See Id.* Further, in order to have standing to request equitable relief , "a plaintiff must show more than having suffered past injury; a plaintiff must also make a 'showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again – a likelihood of substantial and immediate irreparable injury." *See id.* (The Court continued on to state "[w]here the likelihood of future injury is speculative, equitable relief is not warranted.").

In the Amended Complaint, Plaintiff repeatedly alleges that he "was injured in his business, property and reputation" and that he suffered "injury and loss." Plaintiff cannot escape dismissal by vague, speculative, and abstract claims of injury. In his Opposition, Plaintiff specifically relies on paragraphs 4, 77, 79, 84, and 88 of the Amended Complaint in support of injury-in-fact allegations. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 5. However, the allegations contained in the identified paragraphs are insufficient to demonstrate any injury-in-

fact. *See* Am. Compl. ¶ 4 (stating "Plaintiff was injured in his business, property, and reputation..."); Am. Compl. ¶ 77 (alleging that Defendants aimed to "... injure Plaintiff's reputation"); Am. Compl. § 79 (stating "[a]s a direct and proximate cause of Defendants' violation of Title 18 U.S.C. § 1962(a-c), Plaintiff suffered injury and loss."); Am. Compl. ¶ 84 (asserting that "[a]s a direct and proximate cause of Defendants' violations of Title 18 U.S.C. § 1962(d), Plaintiff suffered injury and loss."); Am. Compl. ¶ 88 (alleging that "[a]s a direct result of Defendants' willful misconduct, Plaintiff suffered damage and incurred loss, including but not limited to, injury to his business and reputation, court costs, and other damages.").

Plaintiff also presents argument in his Opposition that he faces the threat of prosecution from disciplinary action. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 6. In doing so, Plaintiff relies on *Allen v. Williams*. The *Allen* case is a First Amendment case involving a Virginia Rule of Professional Responsibility regarding legal advertising. 254 F. Supp. 2d 614, 616 (2003). The case arose from several advisory opinions issued by the Virginia State Bar Standing Committee on Lawyer Advertising and Solicitation ("SCOLA") against the Allen firm. *See id.* (As explained in the opinion, the Virginia State Bar's powers are exercised by its Council, which delegated the responsibility for monitoring lawyer advertising to SCOLA. SCOLA investigates legal advertising and issues advisory opinions when it deems necessary.). The Virginia State Bar argued that the firm lacked standing because the SCOLA and Bar Council's opinions are merely advisory. *See id.* at 643. The Court, recognizing that standing requirements in First Amendment cases are often relaxed, held that the Allen firm's allegation of the threat of prosecution was sufficient to demonstrate standing. *See id.* at 264-65.

The *Allen* case is factually distinct from and inapplicable to this case. Unlike the Virginia State Bar Council and SCOLA, Defendant CfA had not been delegated any responsibility by the

3

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

OCE nor is it related to or a faction of the OCE in any way. The OCE is an entity completely independent and separate from Defendant CfA. Defendant CfA has no influence over the OCE. Further, Plaintiff does not sufficiently allege that he faces the threat of prosecution or disciplinary action based on the submission of the three ethics complaints. Plaintiff merely alleges that he suffered "injury to his business, property, and reputation" as well as "injury and loss." These allegations fall far below the standards outlined in *Carroll* and the *Allen* case.

Despite the arguments set forth in his Opposition, Plaintiff has not alleged any actual or imminent, particularized, and concrete injury from the filing of three ethics complaints with the OCE in his Amended Complaint. Accordingly, Plaintiff's Amended Complaint should be dismissed, with prejudice, under Federal Rule of Civil Procedure 12(b)(1).

## II.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT CFA

Defendant CfA recognizes that this Court has adopted 18 U.S.C § 1965(d), the nationwide service of process provision under RICO. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626-28 (4th Cir. 1997). In order for the nationwide service of process provision under §1965(d) to apply, Plaintiff must allege a "colorable" RICO claim against CfA. *Solomon v. Am. Web Loan*, 2019 U.S. Dist. LEXIS 48420, at *54 (E.D. Va. March 20, 2019). A claim is not considered colorable if it is "implausible, insubstantial, or frivolous." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. April 8, 2003). The Court must also determine whether the assertion of personal jurisdiction under RICO would be constitutionally unreasonable under the due process clause of the Fifth Amendment. *See Solomon* at *55.

Here, Plaintiff's allegations regarding Defendant CfA's purported RICO violations are entirely implausible, insubstantial, and frivolous. In his Opposition, Plaintiff attempts to argue that any personal jurisdiction arguments that rely on the Court dismissing the RICO claims must

4

fail pursuant to the recent opinion in *Hengle v. Asner*. There, the Court denied the motions to dismiss of two defendants due to lack of personal jurisdiction because the plaintiff had alleged sufficient facts to support a plausible inference that the defendants had participated in a RICO conspiracy. 2020 U.S. Dist. LEXIS 3925, at *166-67 (E.D. Va. Jan. 9, 2020). That is simply not the case here where Plaintiff has failed to allege a colorable RICO claim against Defendant CfA. Accordingly, the Court must apply the Virginia long arm statute to determine whether Defendant CfA is subject to personal jurisdiction. The only factual allegation contained in the Amended Complaint linking Defendant CfA to Virginia, is an erroneous assertion in a footnote that CfA's executive director lives in Springfield, Virginia. *See* Am. Compl. at 8 n. 1; *see also* Ex. A to Def. CfA's Mem. in Supp. Of Mtn. to Dismiss, Decl. of D. Stevens at ¶ 3. Plaintiff failed to allege that Defendant CfA has any contacts with Virginia that constitute the basis for this lawsuit, as required for the assertion of specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). Further, Plaintiff failed to allege sufficient continuous and systematic contacts with Virginia on behalf of Defendant CfA, as required for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Sneha Media & Entm't LLC v. Associated Broad Co. P. Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018).

In his Opposition, Plaintiff also argues that personal jurisdiction exists under Virginia co-conspiracy theory. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 9. However, Plaintiff fails to assert this argument against Defendant CfA in the Opposition. *See* Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 11. Under conspiracy jurisdiction theory, "the plaintiffs must make a plausible claim (1) that a conspiracy existed; (2) that the defendants participated in the conspiracy; and (3) that a coconspirator's activities in furtherance of the conspiracy had sufficient contacts with Virginia to subject that conspirator to jurisdiction in Virginia. *B2Gold*

5

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

*Corp. v. Christopher*, 2019 U.S. Dist. LEXIS 145207, at *3 (E.D. Va. Aug. 26, 2019) (*citing Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013). "Bare allegations of conspiracy fail to satisfy these requirements." *See id.* The Amended Complaint fails to make a plausible claim that a RICO conspiracy existed or that Defendant CfA participated in a conspiracy with Mair, *see* Am. Compl. ¶¶ 62-63, and, at any rate, fails to include any factual allegations that Mair's purported activities had sufficient contacts with Virginia.

This Court does not have personal jurisdiction over Defendant CfA and the Amended Complaint should be dismissed, with prejudice, under Federal Rule of Civil Procedure 12(b)(2).

### III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO

#### a. Plaintiff Failed to Plausibly Plead a Cognizable Injury or That Such Injury Was Proximately Caused by Defendant CfA's Alleged RICO Violation

As discussed above, the Amended Complaint is completely devoid of any actionable RICO injury to Plaintiff by reason of the alleged predicate acts, *i.e.* the submission of the three ethics complaints. Additionally, the Amended Complaint fails to allege that Defendant CfA proximately caused any actionable RICO injury to Plaintiff. In his Opposition, Plaintiff argues that the Defendants alleged "obstruction of justice" directly caused injury to Plaintiff's business, property and reputation, but he fails to include any factual basis to support this assertion. Once again, Plaintiff fails to allege how Defendant CfA's conduct directly caused him any injury. Defendant CfA has absolutely no influence over OCE's investigative decisions. Further, submitting an ethics complaint does not automatically trigger an investigation and the decision to begin an investigation lies solely with the OCE Board. Plaintiff's vague allegations are insufficient to demonstrate any actionable RICO injury or proximate cause on behalf of Defendant CfA.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

### b. Plaintiff Fails to State a Claim for Relief Under RICO § 1962(a)-(c)

#### i. The Amended Complaint Fails to Plausibly Plead That Defendant CfA Received Any Income Derived From a Pattern of Racketeering Activity

Under § 1962(a), Plaintiff must plausibly allege that Defendant CfA "received any income derived, directly or indirectly, from a pattern of racketeering activity…" Plaintiff specifically relies on ¶¶ 2, 12, 68, 69, and 70 to support his argument that Defendant CfA purportedly received income in violation of § 1962(a). Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 19. However, the allegations contained in the Amended Complaint attributed to a violation of § 1962(a) are conclusory and devoid of sufficient factual support. For instance, paragraph 2 of the Amended Complaint merely parrots the requirements outlined in § 1962(a). Paragraph 12 alleges that CfA received over one million dollars in contributions and grants. In paragraph 68, Plaintiff states that on August 1, 2010, he learned that "CfA paid Fusion GPS almost $140,000 to conduct 'research.'" In paragraph 69, Plaintiff alleges that CfA collaborated with Fusion GPS to "weaponize the ethics process against Plaintiff…" Paragraph 70 contains no reference to Defendant CfA at all. The allegations that Defendant CfA received contributions and grants in 2018 and that it paid Fusion GPS to perform research do not amount to any violation of §1962(a), because the Amended Complaint does not allege that CfA "received" these payments from the submission of the ethics complaints, *i.e.* the alleged "pattern of racketeering activity." In fact, these allegations merely highlight lawful acts of Defendant CfA. None of the allegations in the Amended Complaint plausibly allege that Defendant CfA received any income in violation of §1962(a).

### ii. The Amended Complaint Fails to Plausibly Plead That Defendant CfA Acquired or Maintained an Interest or Control of An Enterprise Through a Pattern of Racketeering Activity

The Amended Complaint also fails to sufficiently allege that Defendant CfA "acquire[ed] or maintain[ed]" an interest in or control of any enterprise through a pattern of racketeering activity under § 1962(b). Plaintiff argues that the Defendants purported efforts to "obstruct justice" in 2018 and 2019 amount to a violation of §1962(b). Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 19. Once again, Plaintiff fails to plausibly plead or assert facts that sufficiently demonstrate that Defendant CfA, by submitting the three ethics complaints, acquired or maintained an interest in or control of any enterprise.

### iii. The Amended Complaint Fails to Plausibly Plead an Enterprise Distinct from Defendants

Plaintiff fails to plausibly plead the existence of a distinct enterprise, required under §1962(c). "Courts are in agreement that for the purposes of liability under Section 1962(c), a RICO person must be distinct from the RICO enterprise." *Myers v. Seung Heun Lee*, 2010 U.S. Dist. LEXIS 99707, at *12 (E.D. Va. Sept. 21, 2010). As a result, "'liability depends on showing that the defendants conducted or participated in the conduct of the *enterprise's affairs* not just their own affairs.'" *See id.* (*quoting Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)). In the Opposition, Plaintiff argues that he has presented sufficient allegations in the complaint to "support the plausible inference that Fusion, Simpson and CfA did not merely participate in the alleged enterprise through their ordinary business activity, but, at least in the case of Fusion and Simpson, helped to devise and structure an associated group of individuals and businesses whose purpose it was to smear Plaintiff and obstruct justice…" Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 20-21. Yet, the Amended Complaint contains no factual allegations in support of this sweeping assertion. The Amended Complaint fails to allege any enterprise distinct from the

8

named Defendants. Additionally, Plaintiff alleges that Defendant CfA only "act[ed] in concert with Fusion GPS" as to the first ethics complaint. Am. Compl. ¶ 55. This single allegation is insufficient to support the argument that a purported association-in-fact existed to engage in the alleged pattern of racketeering. Accordingly, the Amended Complaint fails to state a violation of § 1962(c).

### iv. The Amended Complaint Fails to Plausibly Plead a Pattern of Racketeering Activity

The Amended Complaint also fails to allege a pattern of racketeering activity, which is a required element of all RICO claims. *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (concluding that a pattern requires a plaintiff to show "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity."). Plaintiff argues that the alleged predicate acts had a similar purpose, to obstruct justice, and employed similar means and methods. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 17. He also argues that the allegations in the Amended Complaint demonstrate that the Defendants' obstruction of justice will occur indefinitely and that it is part of Fusion GPS and Glenn Simpson's "regular way of doing business." *See id.* These allegations do not support a pattern of racketeering activities by Defendant CfA. Plaintiff's allegations are insufficient regarding both relatedness and continuity of the purported racketeering predicates. Specifically, CfA's isolated acts of faxing one ethics complaint, purportedly in concert with Fusion GPS, and then faxing two others – wholly independent of the other named Defendants, over a mere seven-month period, with one claimed 'victim' does not amount to a pattern of racketeering activity. Further, in his Opposition, Plaintiff concedes that the alleged seven-month span of activity fails to provide the requisite period of time. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 15. Additionally, Plaintiff has failed to allege facts demonstrating the Defendant CfA engaged in a "prolonged criminal endeavor."

9

*Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). Essentially, Plaintiff has failed to plausibly plead a pattern of racketeering activity against Defendant CfA.

    **v. The Amended Complaint Does Not Adequately Plead Predicate Acts**

Plaintiff relies on the argument that the purported violations of 18 U.S.C §1503(a), § 1512(b), §1512(d), and §1513(e) set forth in the Amended Complaint are sufficient allegations of required predicate acts, or "racketeering activity" under §1961(1). Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 14. However, Plaintiff's reliance on these statutory provisions is misplaced and factually unsupported. Fundamentally, Plaintiff fails to plausibly plead how Defendant CfA's acts of faxing three ethics complaints to the OCE – an independent, nonpartisan entity comprised of its own professional staff and ethics law attorneys – amounts to racketeering activity. The OCE was created by Congress as the avenue for the public, which includes Defendant CfA, to file ethics complaints about sitting members of Congress. Defendant CfA merely followed OCE procedures in its submission of the three ethics complaints at issue and such acts simply do not constitute predicate acts under RICO.

In his Opposition and the Amended Complaint, Plaintiff repeatedly relies on the bare allegation of "obstruction of justice" as the purported predicate act. Plaintiff's allegation that Defendant CfA violated §1503(a) is baseless.[1] Section 1503 applies to "judicial or grand jury proceedings" and seeks to protect grand jurors, court officers and commissioners in the performance of their office duties. *United States v. Aguilar*, 515 U.S. 593, 598-99 (1995). Defendant CfA's filing of three ethics complains is a lawful and protected First Amendment activity. Defendant CfA did not seek to obstruct any judicial or grand jury proceeding, nor does

---

[1] Despite the fact that Defendant CfA, as well as Fusion GPS and Glen Simpson, alerted Plaintiff to the fact that 18 U.S.C. § 1503 is not applicable to obstruction of congressional proceedings, Plaintiff continues to cite only § 1503(a) as a basis for a predicate act, not 18 U.S.C. § 1505, which criminalizes the obstruction of congressional investigations. Accordingly, Plaintiff should be held to have pleaded only § 1503(a), not § 1505.

10

Plaintiff make such allegations in the Amended Complaint. Further, Plaintiff's vague allegations in paragraph 73 are completely devoid of any concrete or specific allegations related to "due administration of justice" under §1503(a).

Additionally, the Amended Complaint fails to plausibly plead the predicate acts of tampering with a witness, under 18 U.S.C §§ 1512(b)(1) or (b)(2). Defendant CfA's lawful submission of the ethics complaints, pursuant to the OCE's official and prescribed process in no way constitutes intimidation or a threat, with the requisite intent to "influence, delay, or prevent testimony" in official proceedings under §1512(b)(1). The Amended Complaint does not identify any "testimony" that Defendant CfA sought to influence, delay, or prevent. The Amended Complaint against CfA does not include any factual allegations that Defendant CfA caused or induced anyone to withhold testimony; alter or destroy an object with "intent to impair the object's integrity or availability for use in an official proceeding"; "evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding"; or " be absent from an official proceeding to which such person has been summoned by legal process" under §1512(b)(2). Similarly, Plaintiff fails to plausibly plead any violation under §1512(d). Defendant CfA's submissions of the ethics complaints at issue are not threats. The Amended Complaint does not include any facts demonstrating that Defendant CfA "intentionally harassed" Plaintiff or that Plaintiff failed to take some action that he would have otherwise taken in response to the ethics complaints, required by §1512(d).

Likewise, the Amended Complaint does not include sufficient allegations to demonstrate that Defendant CfA acted with the requisite intent or endeavored to perform any of the unlawful actions under §1513(e). Section 1513 (e) prohibits "knowing harmful acts, 'including interference with the lawful employment or livelihood of any person', with intent to retaliate for

reporting information relating to the commission of a federal offense." *Vuyyuru v. Jadhav*, 2011 U.S. Dist. LEXIS 42254, at *59 (E.D. Va. April 18, 2011). The required elements are "(1) knowing engagement in conduct (2) causing or threatening to cause injury or interfere with a person's livelihood (3) with intent to retaliate for attending an official proceeding or reporting information regarding a federal crime." *See id.* at *60 (*citing United States v. Cofield*, 11 F.3d 413, 419 (4th Cir. 1993)). The Amended Complaint makes conclusory allegations regarding a §1513(e) violation by merely parroting the statute. Additionally, Defendant CfA's lawful submission of the ethics complaints does not violation § 1513(e). Plaintiff fails to allege how Defendant CfA, by using lawful channels to report suspected ethics issues to the OCE, knowingly caused or threatened injury or interference, with the requisite retaliatory intent against Plaintiff.

In his Opposition, Plaintiff argues that the internet and interstate wires were used to facilitate the purported unlawful activities. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 13. However, the Amended Complaint merely states that the Defendants "[t]hrough a pattern of racketeering activity, that *inter alia*, involved acts of wire fraud in violation of 18 U.S.C § 1343…" – this does not rise to the level of particularity required to plead a claim of wire fraud. Am. Compl. ¶ 77. The Amended Complaint fails to include any allegations against Defendant CfA demonstrating "(1) the existence of a scheme to defraud and (2) the fact that the defendant used or caused the use of wire communications in furtherance of that scheme," required for an §1343 violation. *United States v. Taylor*, 942 F.3d 205, 213 (4th Cir. 2019).

The cases on which Plaintiff relies in his Opposition to support the alleged predicate acts are factually unrelated to and easily distinguishable from this case. Plaintiff argues in his Opposition that libelous speech is not protected speech and that First Amendment protection

12

does not apply to obstruction and defamation. However, Defendant CfA's lawful submission of ethics complaints to the OCE is protected speech about the character, conduct, and qualifications of an elected official. Defendant CfA's actions do not and cannot amount to a violation of any of the statutory provisions cited by Plaintiff as predicate acts. Accordingly, Plaintiff's RICO claims must be dismissed with prejudice.

### c. Plaintiff Fails to State a Plausible Claim of RICO Conspiracy

In his Opposition, Plaintiff argues that the Amended Complaint contains allegations of conspiracy with "multiple business arrangements" between Defendants and others. Pl.'s Mem. In Opp. to Defs' Mtn. to Dismiss at 21. Similarly, the allegations within the Amended Complaint regarding a RICO conspiracy are just as vague. The Amended Complaint fails to plausibly allege "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant[s] knew of and agreed to the overall objective of the RICO offense." *United States v. Abed*, 203 F.3d 822 (4th Cir. 2000). Additionally, as discussed above Plaintiff does not adequately allege a violation of the RICO substantive provisions. *GE Inv. Private Placement Partners II*, 247 F.3d 543, 551 n.2 (4th Cir. 2001). Specifically, "plaintiffs' failure to state a claim for a substantive violation of RICO precludes them from stating a claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d)." *B2Gold Corp.*, 2019 U.S. Dist. LEXIS at *5. Plaintiff's RICO conspiracy claim is fundamentally insufficient and must be dismissed, with prejudice.

## IV. THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED

As discussed above, Plaintiff's RICO claims must be dismissed. Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's common law conspiracy claim. 28 U.S.C. § 1367(c)(3). The Amended Complaint has not plausibly pleaded the required

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

elements of a common law conspiracy, including "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (3) results in damage to plaintiff." *Adams v. Samuel I. White P.C.*, 2011 U.S. Dist. LEXIS 98590, at *23 (E.D. Va. Aug. 31, 2011). Plaintiff has not plausibly alleged an agreement between any of the Defendants, to accomplish an unlawful purpose or lawful purpose by unlawful means, or damage to himself. Further, Defendant CfA's lawful submission of the ethics complaints to the OCE demonstrate a lawful purpose and a lawful means. Accordingly, Plaintiff's common law conspiracy claim must be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**CAMPAIGN FOR ACCOUNTABILITY, INC.**

By Counsel:

Dated: February 3, 2020

_____/s/_____
John D. McGavin
BANCROFT, McGAVIN, HORVATH &
JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Fascimile: (703) 385-1555
jmcgavin@bmhjlaw.com

14

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2020, the foregoing was filed with the Court's CM/ECF Service, and thereby provided to counsel of record

/s/
John D. McGavin