## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DEVIN G. NUNES<br><br>        Plaintiff,<br><br>    v.<br><br>FUSION GPS A/K/A BEAN LLC, GLENN SIMPSON, and CAMPAIGN FOR ACCOUNTABILITY, INC.<br><br>        Defendants. | Civil Case No. 1:19-cv-1148 |

## REPLY MEMORANDUM OF LAW OF DEFENDANTS
## GLENN SIMPSON AND FUSION GPS IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................ 1

**ARGUMENT** .................................................................................................................................. 2

    I.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS FUSION GPS AND GLENN SIMPSON ................................................................. 2

    II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO .. 5

        A. PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF RICO BY DEFENDANT SIMPSON ................................................................................................................. 5

        B. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A PATTERN OF RACKETEERING ACTIVITY BY DEFENDANT FUSION GPS ..................... 6

        C. THE COMPLAINT FAILS TO PLEAD A DISTINCT ENTERPRISE .............. 6

        D. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD EITHER A COGNIZABLE INJURY, OR THAT SUCH INJURY WAS PROXIMATELY CAUSED BY THE ALLEGED RICO VIOLATION ............. 8

        E. THE COMPLAINT DOES NOT ADEQUATELY PLEAD PREDICATE ACTS. ................................................................................................................ 9

        F. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF THE RICO CONSPIRACY PROVISION. ....................................................... 9

    III.  THE INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS CLAIM SHOULD BE DISMISSED. ............................................... 10

    IV.  THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED ......... 11

CONCLUSION .............................................................................................................................. 11

**INTRODUCTION**

Plaintiff's opposition brief fails to address most of the pleading deficiencies identified by Defendants in their Memorandum in Support of Their Motion to Dismiss the Second Amended Complaint ("the Complaint"). These deficiencies are fatal to the Complaint. Rather than respond to Defendant's arguments, Plaintiff uses his opposition brief to further harass Defendants with yet another fusillade of *ad hominem* attacks inappropriate for legal filings.[1] *See, e.g.,* Plaintiff's Opposition Brief at 1, 6 n.2. Defendants request that the Court dismiss the Complaint with prejudice and exercise its authority to impose sanctions under Rule 11 sua sponte.

Plaintiff's opposition does not even attempt to respond to Defendants' observation in its opening brief that the Complaint contains elemental flaws under the civil RICO statute. Despite the Complaint's outlandish, false claims about Defendant Glenn Simpson, the Complaint still fails to plead that Defendant Simpson committed two predicate RICO acts. The Complaint also fails to plead facts showing a distinct enterprise; a pattern of racketeering activity by Defendant Fusion GPS; a cognizable RICO injury or proximate cause; or facts showing that Defendants engaged in predicate acts. Nor does Plaintiff even attempt to respond to the argument that he cannot plead specific personal jurisdiction because his claims do not arise out of Defendants' supposed contacts with Virginia. Furthermore, Plaintiff does not address why he should be permitted to take advantage of RICO's nationwide service of process provision despite his wholly immaterial RICO claim.

---

[1] Another judge of this Court has already warned Plaintiffs' counsel not to engage in *ad hominem* attacks against opposing parties, and that doing so violates Local Rule 83.1(J) of the Eastern District of Virginia and may subject him to sanctions. *See Steele v. Goodman*, No. 3:17CV601, 2019 WL 3367983, at *3 (E.D. Va. July 25, 2019).

Finally, Plaintiff does not address why he and/or his counsel should not be sanctioned under Rule 11. After the Court warned Plaintiff and his counsel to comply with Rule 11, they submitted a complaint that did not cure the defects noted in the Court's order and an opposition brief that does not even attempt to address Defendants' various arguments. It is reasonable to conclude that Plaintiff and his counsel filed the Complaint and opposition brief to tarnish Defendants and drain their resources. Rule 11 sanctions are therefore warranted.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS FUSION GPS AND GLENN SIMPSON.

The Complaint fails to establish personal jurisdiction over Defendants Fusion GPS and Simpson.

Contrary to Plaintiff's contention, his Complaint does not make a prima facie showing of personal jurisdiction under RICO's nationwide service of process provision, 18 U.S.C. § 1965(d),[2] and fails to make a prima facie showing of specific personal jurisdiction.[3] *See* Plaintiff's Opposition Brief (Dkt. No. 40, hereinafter "Pl's Opp.") at 6.

As to Plaintiff's first argument, the nationwide service of process provision in § 1965 does not apply here because Plaintiff's RICO claims are "not colorable, *i.e.*, [they are] implausible, insubstantial, or frivolous." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003) (citing cases). Plaintiff fails to address Defendants' arguments that Plaintiff cannot take advantage of

---

[2] Plaintiff cites to 18 U.S.C. § 1965(a), s*ee* Pl's Opp. at 7, but the nationwide service of process provision is found in 18 U.S.C. § 1965(d). *See D'Addario v. Geller*, 264 F. Supp. 2d 367, 386 (E.D. Va. 2003).

[3] Plaintiff has dropped his claim of general personal jurisdiction. *See* Pl's Opp. at 6-7 (asserting nationwide service of process and specific jurisdiction). As Defendants explained in their opening brief, the court also lacks general personal jurisdiction over Defendants. *See* Defs' Mtn. to Dismiss at 11.

nationwide service of process under § 1965 because his Complaint is "wholly insubstantial and immaterial," *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). *See* Defendants Mem. in Supp. of Their Mtn. to Dismiss (hereinafter "Defs' Mtn. to Dismiss") at 8-10; Pl's Opp. at 6-7. As explained in Defendants' brief, Plaintiff fails to plead the elements of a RICO violation. He has not pleaded a RICO "enterprise," two or more predicate acts by Defendant Simpson, that Defendant Fusion GPS committed two or more related and continuous predicate acts on behalf of an enterprise, a cognizable RICO injury, or that any such injury was proximately caused by Defendant's alleged racketeering activity. *See* Defs' Mtn. to Dismiss at 12-28. As such, Plaintiff's RICO claims are "implausible, insubstantial, or frivolous," and thus Plaintiff cannot rely on the nationwide service of process provision. *D'Addario v. Geller*, 264 F. Supp. 2d at 388.

Plaintiff's second argument for personal jurisdiction—that the Court has specific jurisdiction over Defendants—also fails. Plaintiff has not shown – and cannot show – that his suit "aris[es] out of or relate[s] to the defendant[s'] contacts with the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011) (alterations in original) (internal quotation marks and citation omitted). The Complaint alleges no facts showing contacts between Defendants and Virginia involving the alleged acts upon which his suit is based. In a conclusory manner not entitled to an assumption of truth, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), Plaintiff alleges only that Defendants "have agents and transact continuous and systematic business and affairs in Virginia." Compl. ¶ 14. However, the Complaint does not even attempt to allege that any of the alleged conduct it concerns occurred in Virginia. Instead, the alleged basis for Plaintiff's suit is that Defendants created a "'dossier' on Plaintiff," Compl. ¶ 59, and "collaborated with *McClatchy* to publish a scandalous Fusion GPS 'dossier,'" *id.* ¶ 60, and that Fusion GPS allegedly "act[ed] in concert" with CfA to fax an ethics complaint about Plaintiff to the Office of Congressional Ethics

3

("OCE"). *Id.* ¶ 54. The Complaint does not allege that any of this conduct occurred in Virginia, and, thus, Plaintiff cannot establish specific jurisdiction over Defendants. Plaintiff also fails to counter any of the jurisdictional facts set forth in Defendant Simpson's Declaration, which refute the Complaint's conclusory allegations about Defendants' alleged "agents" in Virginia and alleged conduct of business and affairs in Virginia. S*ee* Decl. G. Simpson, attached as Ex. 1 (Dkt. No. 37-1) to Defs' Mtn. to Dismiss.

Tellingly, the Opposition Brief's one paragraph on the "relationship" between the cause of action and Defendants' (nonexistent) contacts with Virginia does not cite to *any* allegations in the Complaint. Pl's Opp. at 13 (referring to "Defendants' contacts with Virginia that are outlined above" *in his Opposition Brief,* not the Complaint). Plaintiff concedes, *see* Pl's Opp. at 6, that he is required to make a prima facie showing of personal jurisdiction *in his Complaint*. Moreover, Plaintiff's contention that Defendants "committed acts of racketeering alleged in the second amended complaint," "[e]ither through communications with Mair in Virginia or while the Defendants were collaborating with Mair in Virginia," misconstrues his own Complaint. *Id.* at 13. The Complaint does not allege that Defendants communicated or collaborated with Mair in Virginia, or, most significantly, that the *McClatchy* article or the ethics complaint submission involved *any* contacts between Defendants and Virginia.

Without merit, Plaintiff tries to circumvent this "arises out of" requirement of specific jurisdiction by alleging: "Virginia recognizes that the in-state acts of a co-conspirator—in this case, Liz Mair—are sufficient to confer personal jurisdiction over an out-of-state confederate." Pl's Opp. at 10-11. But Plaintiff does not – and cannot – cite to anywhere in his Complaint where he makes factual allegations showing that Liz Mair was a "co-conspirator" of Defendants. *Id.* at 11. The Complaint fails to state any facts showing that Defendants conspired with Mair. *See* Defs'

4

Mtn. to Dismiss at 6 n.4; 28-29. "Mere conclusory allegations that all Defendants generally conspired or helped each other violate Section 1962(a) or (c) [are] insufficient" to establish a conspiracy. *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 608 (D. Md. 2014) (dismissing RICO conspiracy claim because the complaint provided "no details regarding when such an agreement was entered into or the contours of any such agreement.").

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO

The Complaint attempts to allege that (1) Defendants Fusion GPS's and Simpson's involvement in *McClatchy*'s publication of an article about Plaintiff and (2) Defendant Fusion GPS's involvement in the submission of an ethics complaint to OCE constitute two predicate acts that amount to a pattern of racketeering activity. In his Opposition, Plaintiff does not dispute that the Complaint's predicate acts are limited to these two alleged events.

### A. PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF RICO BY DEFENDANT SIMPSON.

Defendants noted in their opening brief that the Complaint fails to allege two or more predicate acts by Defendant Simpson because it alleges only that Defendant Simpson was involved in "creat[ing] a 'dossier' on Plaintiff." Compl. ¶ 59; *see* Defs' Mtn. to Dismiss at 18-19. This failure is fatal to Plaintiff's case against Defendant Simpson because, under RICO, Plaintiff must plausibly allege "at a minimum, [that] *each* RICO defendant committed two acts of racketeering activity within a ten-year period." *Palmetto State Med. Ctr., Inc. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997) (emphasis added); *see also* 18 U.S.C. § 1961(5).

Plaintiff does not – and cannot – contest that his Complaint fails to plead two or more acts of racketeering activity by Defendant Simpson. *See* Pl's Opp. at 22-24. Therefore, the Complaint should be dismissed with prejudice as to Defendant Simpson.

5

### B. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A PATTERN OF RACKETEERING ACTIVITY BY DEFENDANT FUSION GPS.

Plaintiff does not show how his Complaint sufficiently pleads facts showing that Defendant Fusion GPS's alleged involvement in (1) faxing one ethics complaint to OCE, Compl. ¶ 54, and (2) publishing a *McClatchy* article, *id.* ¶ 60, amount to a pattern of racketeering activity (assuming for the sake of this argument that they constitute predicate acts under RICO, which they do not). For the reasons already explained by Defendants in their opening brief, *see* Defs' Mtn. to Dismiss at 20-23, and not challenged by Plaintiff in his Opposition, these two alleged predicate acts by Fusion GPS are neither related nor continuous. *See* Defs' Mtn. to Dismiss at 20-23.

Plaintiff does not show how his Complaint plausibly alleges that these two unrelated, isolated acts meet RICO's requirements for relatedness and continuity of predicate acts. *See* Pl's Opp. at 22-23. In his Opposition's discussion of the pattern requirement, Plaintiff does not even refer to either of the alleged predicate acts by Defendant Fusion GPS. *See id.* Plaintiff speaks only in general terms, such as that the "predicate acts alleged by Plaintiff meet the RICO 'pattern of activity' relatedness test because they had a similar purpose – obstructing justice in violation of Federal law – and employed similar means and methods." *Id.* at 23. In his entire discussion of the pattern element, Plaintiff does not refer to any specific supporting facts alleged in the Complaint or even cite to it. Accordingly, Plaintiff fails to contest that the two alleged acts by Fusion GPS do not amount to a pattern of racketeering, and thus the Complaint should be dismissed with prejudice.

### C. THE COMPLAINT FAILS TO PLEAD A DISTINCT ENTERPRISE

Plaintiff fails to show that his Complaint plausibly pleads an association-in-fact enterprise. The Complaint defines the "enterprise" as "consisting of Defendants, CfA, Mair, McClatchy and

6

other unnamed clients, officers, executives, and employees of Defendant Fusion GPS, CfA, Mair and McClatchy." Compl. ¶ 74.

Plaintiff fails to contest that the Complaint does not allege that Defendants "conducted or participated in the conduct of the *enterprise's affairs*, not just their *own* affairs." *Myers v. Lee*, No. 1:10CV131 AJTJFA, 2010 WL 3745632, at *3 (E.D. Va. Sept. 21, 2010) (dismissing RICO complaint for failure to plead a RICO enterprise distinct from the defendants) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis in the original)). As explained, *see* Defs' Mtn. to Dismiss at 15-17, the Complaint alleges six allegedly wrongful acts, none of which involve all of the individuals and entities that make up the purported "enterprise." Therefore, the Complaint does not allege any conduct performed on behalf of a distinct enterprise. In his Opposition at 17-18, Plaintiff does not disagree; he simply ignores the fact that the Complaint pleads no more than that Defendants, CfA, Mair, McClatchy, and other unspecified individuals each engaged in parallel, uncoordinated, conduct directed at Plaintiff. RICO does not penalize parallel, uncoordinated conduct not carried out through the enterprise. *See* Defs' Mtn. to Dismiss at 16 (citing *United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013)).

Plaintiff's Opposition merely recites the elements of an association-in-fact enterprise—a purpose, relationships among those associated with the enterprise, and longevity—and fails to show how his Complaint does anything more than make conclusory statements about the existence of any of these elements. *See* Pl's Opp. at 15. The Complaint does not plead any facts showing that the different individuals and entities functioned as a unit, had interpersonal relationships and a common interest, or had any longevity of association between the various individuals and

7

entities. *See* Defs' Mtn. to Dismiss at 15. Therefore, the Complaint fails to plead the requisite RICO element of an enterprise.

### D. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD EITHER A COGNIZABLE INJURY, OR THAT SUCH INJURY WAS PROXIMATELY CAUSED BY THE ALLEGED RICO VIOLATION.

Plaintiff does not contest that injury to reputation is not a cognizable RICO injury, or that the injuries he alleges do not amount to a cognizable RICO injury because they, at most, allege pecuniary losses flowing from an alleged injury to Plaintiff's reputation. *See* Defs' Mtn. to Dismiss at 23-24; Pl's Opp. at 24-25 (citing Compl. ¶¶ 70 & 77). This is yet another indication that Plaintiff and his counsel have knowingly pursued a frivolous case that has wasted the time and resources of both this Court and Defendants.

Likewise, Plaintiff ignores Defendants' argument that the Complaint fails to allege that any injury was proximately caused by the alleged RICO violation. *See* Defs' Mtn. to Dismiss at 24-25. In his Opposition, Plaintiff counters this only by arguing that the issue of proximate cause should be decided by the jury. Pl's Opp. at 25. However, Plaintiff overlooks that his Complaint must plead facts sufficient to plausibly allege proximate cause for his RICO claims in order for it to survive a motion to dismiss, because proximate cause is a necessary element of a RICO claim. *See Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018) (explaining that 18 U.S.C. § 1964(c), as interpreted in a number of Supreme Court cases, requires a showing of proximate causation) (affirming dismissal of the RICO complaint for failure to plead proximate cause because the plaintiff had "not alleged facts showing that its injury was the *direct* result of the defendants' conduct.") Here, Plaintiff does not plead facts showing a "direct causal connection between the predicate offense and the alleged harm." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 10-12 (2010) (internal quotation marks omitted).

8

As Plaintiff fails to plead this essential element of his RICO claim, the Complaint should be dismissed with prejudice.

### E. THE COMPLAINT DOES NOT ADEQUATELY PLEAD PREDICATE ACTS.

Plaintiff's Opposition does not address Defendants' arguments that Plaintiff has failed to adequately allege predicate acts, instead reciting elements of the various criminal statutes without supplying any specific allegations of fact covered by those statutes. *See* Opp. at 18-22. In a statement remarkable for its vagueness, Plaintiff states that "[t]he complaint details what Defendants' did, when they did it, their intent, object and purpose, and how they violated each statute." Pl's Opp. at 21. But as detailed in Simpson's and Fusion GPS' opening brief, the Complaint does no such thing. *See* Defs.' Mtn. to Dismiss at 25-28.[4] For all of the reasons explained in that brief, the Complaint fails to plausibly allege a violation of 18 U.S.C. §§ 1343, 1503(a), 1512(b)(1), 1512(b)(2), 1512(d)(2)-(4), or 1513(e).

### F. THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A VIOLATION OF THE RICO CONSPIRACY PROVISION.

Plaintiff does not point to any allegations in his Complaint stating facts that plausibly allege "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant[s] knew of and agreed to the overall objective of the RICO offense." *United States v. Abed*, 203 F.3d 822 (4th Cir. 2000) (Table). "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must

---

[4] Plaintiff insists that he intends to plead a violation of 18 U.S.C. § 1503 ("Influencing or injuring officer or juror generally"), *see* Pl's Opp. at 19 n.6. But Defendants have repeatedly pointed out that 18 U.S.C. § 1503 is not applicable to obstruction of congressional proceedings and suggested that Plaintiff perhaps intended to plead 18 U.S.C. § 1505, which specifically applies to congressional committee proceedings. *See* Defs' Mtn. to Dismiss at 26 n.8 (explaining all the opportunities Plaintiff has had to correct this error). Accordingly, Plaintiff fails to plead a predicate act under 18 U.S.C. § 1503 because that statute does not apply to congressional committee investigations.

allege specifically such an agreement." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008) (dismissing RICO conspiracy claim) (quoting *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)). Plaintiff, however, claims only that his conclusory allegations in paragraphs 3, 67, 68, 69, and 81 of the Complaint "support the inference" of an agreement, not that he has provided any alleged facts that show the specific agreement required by RICO. Pl's Opp. at 26. None of the allegations in those paragraphs—or anywhere else in the Complaint—specifically allege an agreement, as required to state a claim for a RICO civil conspiracy, or offer more than "'naked assertion[s]' devoid of 'further factual enhancement'" that would permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Moreover, Plaintiff does not dispute that where a complaint fails to adequately allege a violation of the RICO substantive provisions, 1962(a)-(c), Plaintiff's RICO conspiracy claim also fails. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2 (4th Cir. 2001).

### III. THE INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS CLAIM SHOULD BE DISMISSED.

Because Plaintiff's RICO claims must be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's tortious interference and common law conspiracy claims. 28 U.S.C. § 1367(c)(3). *See* Defs' Mtn. to Dismiss at 29 n.9.

Plaintiff's Opposition cannot cure the deficiency in his claim for tortious interference: that the Complaint does not plead facts showing a "breach or termination" of any "contractual relationship or business expectancy," as required to state a claim for tortious interference. *See* Defs' Mtn. to Dismiss at 29 (citing *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 616 (E.D. Va. 2009)). Plaintiff's argument that he has sufficiently alleged that Defendants somehow interfered with Plaintiff's performance of his "contract" as a congressman by making it

10

more expensive or burdensome—assuming such a claim can even apply to a Congressman's employment as an elected official and his position as a chairman of a committee—also fails. The Complaint does not allege that Plaintiff's performance of his employment contract became more expensive or burdensome and does not allege that by faxing an ethics complaint or creating a "dossier," Defendants made Plaintiff's performance of his employment contract more expensive or burdensome. *See* Compl. ¶¶ 91-93; Pl's Opp. at 27-29 (citing *Constr. Eng'g Consultants, Inc. v. Steel Sols., Inc.*, No. 4:08CV86, 2009 WL 10733733, at *14 (E.D. Va. May 13, 2009) (tortious interference with a construction contract)). Nor could he plausibly allege such a result.

## IV.    THE COMMON LAW CONSPIRACY CLAIM SHOULD BE DISMISSED.

Plaintiff fails to state a plausible claim for common law conspiracy. He has not alleged any facts supporting the elements for such a claim.[5] *See* Defs' Mtn. to Dismiss at 30.

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in Defendants' Memorandum in Support of Their Motion to Dismiss, the Complaint should be dismissed with prejudice. The Court should exercise its authority to impose sanctions on Plaintiff and his counsel *sua sponte* for violating Rule 11.

Dated:  May 18, 2020

                By:___/s/ Kerry Brainard Verdi___
                Kerry Brainard Verdi
                **Verdi & Ogletree PLLC**
                1325 G St NW, Suite 500

---

[5] In his Opposition, Plaintiff claims that his Complaint "states all the requisite elements of a claim of common law conspiracy, including the identity of the participants, the object of the conspiracy (obstruction of justice, tortious interference with Plaintiff's employment and defamation), when the conspiracy was hatched, acts in furtherance of the joint scheme, and damages," Pl's Opp. at 30, a list that notably leaves out a critical element of a claim for common law conspiracy: an agreement. Indeed, the Complaint does not plausibly allege an agreement, let alone the other elements of common law conspiracy.

Washington, DC 20005
Tel: (202) 449-7703
Fax: (202) 449-7701
kverdi@verdiogletree.com

Joshua A. Levy (*pro hac vice*)
Rachel M. Clattenburg (*pro hac vice*)
**Levy Firestone Muse LLP**
1401 K. St. NW, Ste. 600
Washington, D.C. 20005
jal@levyfirestone.com
Tel: 202-845-3215
Fax: 202-595-8253

*Counsel for Defendants*
*Fusion GPS and Glenn Simpson*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served through the Court's electronic filing system on May 18, 2020 to counsel of record.

                                              /s/ Kerry Brainard Verdi
                                              Kerry Brainard Verdi