IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEVIN G. NUNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 1:19-cv-1148-RDA/TCB |
| ) | |
| ) | |
| FUSION GPS a/k/a BEAN, LLC ) | |
| et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE PRETRIAL CONFERENCE AND STAY DISCOVERY

Plaintiff, Devin G. Nunes, by counsel, pursuant to Local Civil Rule 7(F), respectfully submits this Memorandum in Opposition to the motions to continue pretrial conference and stay discovery [*ECF No. 43*] filed by defendants, Fusion GPS a/k/a Bean, LLC and Glenn Simpson ("Defendants").[1]

## I. INTRODUCTION

It is neither the policy nor the practice of Federal Courts to delay. Delay prejudices victims – evidence is lost or destroyed, memories fade, costs increase. Delay clogs up the Courts and negatively impacts the public's perception of Judges, Lawyers and the quality of Justice.

---

[1] Defendants' motion was not accompanied by a written brief. It violates Local Civil Rule 7(F)(1), and should be struck without more.

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. Consistent with the salutary policy of speedy justice, Rule 12(b) permits a defendant to assert certain defenses by motion, but, significantly, the Rule contains absolutely no "automatic stay" of discovery. Appropriately referred to as the "Rocket Docket", the docket in the United States District Court for the Eastern District of Virginia is one of the fastest of all Federal Courts. The median time from filing to disposition is 6.0 months. [https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf]. In keeping with its practice and reputation for moving cases along, this Court has adopted Local Civil Rules that directly and expressly reject the notion that discovery should be stayed and cases delayed. Local Civil Rule 16(B) provides that:

> "not later than sixty (60) days from first appearance or ninety (90) days after service of the complaint, the Court shall enter an order fixing the cut-off dates for the respective parties to complete the processes of discovery, the date for a final pretrial conference and, whenever practicable, the trial date, and providing for any other administrative or management matters permitted by Fed. R. Civ. P. 16 or by law generally. The parties and their counsel are bound by the dates specified in any such orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause."

## II.  **NO GOOD CAUSE**

It has never been the policy or practice of the Eastern District of Virginia to continue pretrial conferences or stay discovery pending resolution of a motion to dismiss. Rather, consistent with Local Civil Rule 16(B), parties are expected to proceed with diligence to gather relevant evidence, not sit back and await the Court's ruling on a motion to dismiss. *See, e.g., Blackmon v. Perez,* 791 F. Supp. 1086, 1092 (E.D. Va. 1992) ("The Court first notes that a pending dispositive motion does not entitle the parties to sit idly by and do nothing awaiting its outcome.").

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988)); *id. Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. 2016) (Although the Court "'has broad discretion to stay discovery pending resolution of a motion to dismiss,'" granting a stay on that basis is "'generally disfavored because delaying discovery may cause case management problems as the case progresses.'") (quoting *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 2013 WL 4045924, at *1 fn. 2 (E.D.N.C. 2013) (the fact that a defendant's Rule 12(b)(6) motion, if granted, could dispose of all claims against him is not reason enough to delay discovery)); *Moran v. Flaherty*, 1992 WL 276913, at * 1 (S.D.N.Y. 1992) ("the issuance of a stay is not mandated by rule or decision.  Rather, … discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citations omitted).

Defendants' sole reason for a continuance of the scheduled Pretrial Conference and a stay of discovery is that there is a pending motion to dismiss.  This is not good cause.[2] *See Bowens v. Columbus Metropolitan Library Bd. Of Trustees*, 2010 WL 3719245, at * 2 (S.D. Ohio 2010) ("Here, defendants fail to explain why conducting discovery will place an unnecessary burden on them.  They make no showing whatsoever that proceeding with discovery will be burdensome.  Instead, defendants rely solely on

---

[2] *See* 8A Wright & Miller, Federal Practice & Procedure § 2037 (3rd ed. 2012) (noting that Rule 26(c)'s good cause standard applies to a request to stay discovery pending the resolution of a motion to dismiss).  "Rule 26(c)'s good cause requirement 'creates a rather high hurdle' for the moving party." *Wilson v. First Class Patrol Officers*, 2016 WL 1253179, at *4 (D.S.C. 2016) (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).

the fact that they have a motion for summary judgment pending, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery."). A stay of discovery should never be granted on a mere suggestion by counsel for a defendant that "there is some degree of foundation in law for the dispositive motion and a possibility that Defendants may prevail." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013); *id. Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial N.A.*, 2013 WL 589187, at * 3 (D. Colo. 2013) (denying a motion to stay discovery awaiting the court's resolution of dispositive motions – "Defendants always are burdened when sued, whether the case is dismissed, summary judgment is granted, a settlement occurs, or there is a trial. It is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case. Similarly, there is no special burden imposed on the court or persons not parties to the suit by permitting discovery to proceed while motions to dismiss are pending, and the public interest is advanced by proceeding as expeditiously as possible."); *Hoxie v. Livingston County*, 2010 WL 822401, at *1 (E.D. Mich. 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive.").

Defendants contend in a mere conclusory manner that "[t]he proposed stay and continuance will not prejudice either party". [*ECF No. 43, ¶ 11*]. This is insufficient to satisfy their burden to show good cause. *See Stolmeier v. Strategic America, Inc.*, 2014 WL 12873091, at * 2 (W.D. Tex. 2014) ("The absence of prejudice to the nonmovant … [is] generally insufficient to demonstrate 'good cause.'"); *Merit Indus., Inc. v. Feuer*, 201

F.R.D. 382, 384-385 (E.D. Pa. 2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (burden of demonstrating good cause is a heavy one) (citation omitted); Wright, Miller & Marcus, Federal Practice and Procedure (Civil) $2^d$ § 2035 (1994) (to establish good cause, the moving party may not rely upon "stereotyped and conclusory statements," but must present a "particular and specific demonstration of fact," as to why a protective order should issue) (citations omitted). Here, Plaintiff suffers substantial prejudice and harm every day that the enterprise continues in business and he is denied justice. Further, because this case involves a pattern of racketeering that spans almost a decade and involves multiple victims, there is a real risk of unfair prejudice to Plaintiff the longer Defendants attempt to delay. *Compare Hearn v. United States*, 2018 WL 1796549, at * 3 (E.D.N.Y. 2018) ("the ultimate relief Plaintiff seeks is reinstatement to the Academy. Accordingly, any delay in the resolution of the instant action would further compound his purportedly wrongful expulsion, and therefore, result in unfair prejudice."); *Mirra v. Jordan*, 2916 WL 889539, at * 3 (S.D.N.Y. 2016) (plaintiff suffers unfair prejudice from a stay of discovery, where "the witnesses' memories are fading with time"); *Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, at * 6 (E.D. Pa. 2002) (delaying discovery "creates the risk of prejudice to plaintiffs in the form of lost evidence, fading memories, and potentially dissipating assets to pay any judgment that plaintiffs might secure.").

## **CONCLUSION**

For the reasons stated above, Plaintiff, Devin G. Nunes, respectfully requests the Court to deny Defendants' motion to continue the Pretrial Conference and stay discovery.

DATED:       June 26, 2020

                DEVIN G. NUNES

         By:     */s/ Steven S. Biss*
                Steven S. Biss (VSB # 32972)
                300 West Main Street, Suite 102
                Charlottesville, Virginia 22903
                Telephone:     (804) 501-8272
                Facsimile:     (202) 318-4098
                Email:     **stevenbiss@earthlink.net**

                *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF System, which will send notice to counsel for all parties.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*