IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DEVIN G. NUNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-01148 |
| | ) | (RDA/TCB) |
| | ) | |
| FUSION GPS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants Fusion GPS's and Glenn Simpson's (collectively "Defendants") Motion to Continue Pre-Trial Conference and Stay Discovery ("Motion"). Dkt. 43. Considering the Motion, the Memorandum in Opposition filed by Plaintiff Devin G. Nunes ("Plaintiff"), Dkt. 45, and Defendants' Reply, Dkt. 46, the Court GRANTS the Motion for the reasons stated below.

Defendants notes the procedural posture of the case and argued that their proposed course of action "will conserve judicial resources and client resources." Dkt. 43, 2. Defendants specifiy that a ruling on the pending Motion to Dismiss will "help define the issues in the case or, if the Motion is granted, will obviate the need for discovery and a pretrial conference." *Id*. Defendants further note that staying discovery pending the outcome of the Motion will not prejudice either parties. *Id*.

Plaintiff responds by citing the requirements contained in Local Rule 16(B), dictating when scheduling orders are to be entered, and arguing that a pending dispositive motion does not constitute good cause for staying discovery. Dkt. 45, 2-3 (citing *Blackmon v. Perez*, 791 F. Supp. 1086, 1092 (E.D. Va. 1992) ("The Court first notes that a pending dispositive motion does

not entitle the parties to sit idly by and do nothing awaiting its outcome.") and *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."). Plaintiff contends that he suffers "substantial prejudice and harm every day that the enterprise continues in business," especially considering the extended nature of the harm sustained. *Id*. at 5.

Defendants reply, reiterating the procedural posture of this case. Dkt. 46, 2-3. Defendants then argue that Plaintiff "is improperly seeking to take advantage of this Court's case management procedures to impose further undue burdens on Defendants in a previously dismissed case that Plaintiff has continued to prolong in order to harass, slander[,] and bankrupt Defendants." *Id*. at 3. Defendants cite to *Lismont v. Alexander Binzel Corp.*, No. 2:12-cv-592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14. 2014), to support the proposition that the Court has broad discretion in staying discovery. *Id*. at 4. Defendants next contend that they are likely to prevail on the Motion to Dismiss Plaintiff's Second Amended Complaint considering that Plaintiff, in Defendants' view, failed to cure the deficiencies observed in his Amended Complaint. *Id*. at 5. Moreover, the Court previously dismissed the Amended Complaint and also issued a Rule 11 warning. *Id*. Finally, resolving the pending Motion to Dismiss may well dispose of the entire case as the pending Motion requests dismissal of all claims with prejudice. *Id*. Additionally, if the Court elects not to issue a stay, then that "risks wasting court resources and client resources." *Id*. Defendants then distinguishes the case Plaintiff relies on, *Blackmon v. Perez*, 791 F. Supp. 1086 (E.D. Va. 1992), noting that it involves a motion for summary judgment as opposed to a motion to dismiss. *Id*. Further, resolving a motion for summary

2

judgment requires discovery whereas disposing of a motion to dismiss does not—pending before the Court is a Motion to Dismiss. *Id*. Defendant then attacks the remaining, out-of-district cases Plaintiff cites. *Id*. at 6. Defendants find fault with Plaintiff's argument as to the prejudice he allegedly suffers in light of the fact that Plaintiff filed three complaints in this matter all without discovery commencing. *Id*. at 6.

The Court first considers the procedural posture of the case. Plaintiff filed his Complaint on September 4, 2019. Dkt. 1. Defendant Campaign for Accountability, Inc., filed a Motion to Dismiss on November 22, 2019. Dkt. 7. Plaintiff filed an Amended Complaint on December 13, 2019, thus, the Court denied the Motion to Dismiss as moot. Dkt. 13. Defendants Fusion GPS and Glenn Simpson filed a Motion to Dismiss Plaintiff's Amended Complaint on January 15, 2020. Dkt. 25. Defendant Campaign for Accountability, Inc., also filed a Motion to Dismiss Plaintiff's Amended Complaint that day. Dkt. 28. Plaintiff opposed the Motions to Dismiss his Amended Complaint, Dkt. 31, and Defendants replied. Dkt. Nos. 32 and 33. Ultimately, the Court granted those Motions to Dismiss and dismissed the Amended Complaint without prejudice. Dkt. 34. The Court permitted Plaintiff to file a second amended complaint, if he was so able, pursuant to Rule 11. *Id*. Plaintiff then filed his Second Amended Complaint on April 6, 2020. Dkt. 35. Defendants Fusion GPS and Glenn Simpson filed a Motion to Dismiss on April 27, 2020, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. 36. Plaintiff filed a Memorandum in Opposition, Dkt. 40, and Defendants replied. Dkt. 41. The case was then reassigned to this Court on June 15, 2020. A scheduling order was entered on June 24, 2020, Dkt. 42, spurring the filing of the instant Motion. Dkt. 43.

Next, the Court notes that it is well-established that "courts may stay discovery pending a motion to dismiss." *Harrell v. Freedom Mortgage Corp.*, No. 1:18-cv-00275, 2019 WL

9047223, at *2 (E.D. Va. 2019) (citing *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999)). As the Court has broad discretion in handling such matters and because there is a pending Motion to Dismiss in this case, Dkt. 36, the Court GRANTS the Motion.

It is SO ORDERED.

Alexandria, Virginia
July 13, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge