UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------------------------------------X

DEVIN NUNES,

          Plaintiff,

   -v-

FUSION GPS AKA BEAN LLC and
GLENN SIMPSON,

          Defendants.

------------------------------------------------------------------X

Case 1:19-cv-1148

**JURY DEMAND**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Fusion GPS and Glenn Simpson, by their undersigned attorneys, answer the Second Amended Complaint ("Complaint") of Plaintiff Devin Nunes as follows, using the same headings and paragraph numbering as the Complaint, and set forth affirmative defenses. Defendants have filed a Motion to Dismiss which is still pending and reserve the right to amend this Answer as necessary following the ruling on the Motion to Dismiss. Through the filing of this Answer, Defendants do not waive any of the arguments raised in the Motion to Dismiss.[1]

The Complaint does not comply with the requirements of Rule 8 that it contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and that each averment "be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). The Complaint is 48 pages and 96 numbered paragraphs long, and is filled with attacks on Defendants, argument, commentary and

---

[1] The Scheduling Order issued in this case required the filing of this Answer by July 14, 2020. A Motion to Continue to time to File an Answer is still pending. Out of an abundance of caution, this Answer is being filed.

characterizations that are not appropriate in a Complaint and that require no response. *See Sewraz v. Morchower*, No. CIV.A. 3:08CV100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) ("Statements which are unnecessarily prolix place an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.") (internal quotation marks and citation omitted). Moreover, this type of prose is not susceptible to a meaningful response.

Plaintiff's inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), which requires that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, no response is required to these footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below.

## I. **INTRODUCTION**

1. Except to admit that Glenn Simpson and Peter Fritsch wrote *Crime in Progress: Inside the Steele Dossier and the Fusion GPS Investigation of Donald Trump* ("*Crime in Progress*"), Defendants deny each and every allegation of paragraph 1 of the Complaint. Defendants refer to *Crime in Progress* in its entirety for its true content and meaning.

2. Except to admit that Plaintiff is a United States Congressman, Defendants deny each and every allegation of paragraph 2 of the Complaint.

3. Defendants deny each and every allegation of paragraph 3 of the Complaint.

4. Defendants deny each and every allegation of paragraph 4 of the Complaint.

## II. **PARTIES**

5. Except to admit that Plaintiff has served in the United States House of Representatives since 2003, that he represents California's 22nd Congressional District, which is located in the San Joaquin Valley and includes portions of Tulare and Fresno Counties, that he now serves as Ranking Member of the House Permanent Select Committee on Intelligence ("the Committee"), that he was appointed to the Committee in the 112th Congress, Defendants lack sufficient information to form a belief as to the truth or falsity of the other allegations of paragraph 5 of the Complaint.

6. Defendants admit that the Committee was created in 1977 and oversees the U.S. government's intelligence agencies, and that the Committee, on March 1, 2017, announced the approval of the Scope of Investigation. The information published at https://intelligence.house.gov/news/documentsingle.aspx?DocumentID=217 speaks for itself. The allegation regarding the Committee's authority and power call for a legal judgment for which no response is required. Defendants deny each and every other allegation of paragraph 6 of the Complaint.

7. Except to admit that Fusion GPS is the dba for a Delaware limited liability company headquartered in Washington, D.C., and that Fusion GPS represents that it "provides premium research, strategic intelligence, and due diligence services to corporations, law firms, and investors worldwide," Defendants deny each and every allegation of paragraph 7 of the Complaint. Except to admit that the Campaign for Accountability ("CfA") is a 501(c)(3) nonprofit organization, and to note that Plaintiff characterizes news articles which speaks for themselves and for which no response is required,

Defendants deny each and every allegation in footnote 1 of the Complaint or lack information sufficient to know the truth or falsity of them.

8. Except to admit that Glenn Simpson is a citizen of the United States and a principal of Fusion GPS, and that in 2016 Fusion GPS engaged Orbis Business Intelligence, Defendants deny each and every allegation of paragraph 8 of the Complaint.

9. Except to admit that *Crime in Progress* was released on November 25, 2019 and to refer to *Crime in Progress* in its entirety for its true and correct meaning, Defendants deny each and every allegation of paragraph 9 of the Complaint. Except to admit that CfA filed a complaint with the Office of Congressional Ethics relating to Devin Nunes, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in footnote 2 of the Complaint.

10. Except to admit that the US Department of Justice Office of Inspector General released a report entitled, "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation," on December 9, 2019 ("the IG Report"), and that it speaks for itself in its entirety, Defendants deny each and every allegation in paragraph 10 of the Complaint. Defendants deny each and every allegation of footnote 3 of the Complaint. Except to deny that Nellie Ohr and/or Glenn Simpson authored intelligence reports that Christopher Steele included in the "dossier," each and every allegation in footnote 4 addresses matters that are privileged and confidential under the attorney-client privilege and the attorney work product doctrine, and Defendants are not authorized to waive those privileges.

11. Defendants deny each and every allegation in paragraph 11 of the Complaint.

12. Defendants deny each and every allegation in paragraph 12 of the Complaint.

### III. JURISDICTION AND VENUE

13. Paragraph 13 calls for a legal conclusion for which no response is required, but, to the extent that any such response is required, Defendants deny that jurisdiction is proper in the Court, that venue is proper in this District, and that the matter in controversy in the cause of action asserted exceeds $75,000.

14. Paragraph 14 contains allegations that call for a legal conclusion for which no response is required. Defendants deny each and every allegation in paragraph 14 of the Complaint that does not call for a legal conclusion. Defendants deny that they are subject to general and specific jurisdiction in Virginia, and deny that the exercise of personal jurisdiction over them comports with 18 USC 1965, traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution.

15. Defendants deny that venue is proper. Defendants deny each and every allegation in paragraph 15 of the Complaint.

### IV. STATEMENT OF THE FACTS

16. Defendants deny each and every allegation in paragraph 16 of the Complaint.

17. Defendants deny each and every allegation in paragraph 17 of the Complaint.

18. Defendants deny each and every allegation in paragraph 18 of the Complaint.

19. Defendants deny each and every allegation in paragraph 19 of the Complaint.

20. Defendants lack information sufficient to from a belief as to the truth or falsity that Aleksander Boyd is a journalist. Defendants deny each and every other allegation in paragraph 20 of the Complaint. To the extent paragraph 20 consists of Plaintiff's characterization of statements made in an article at the hyperlink cited, no response is required. The article speaks for itself.

21. Defendants deny each and every allegation in paragraph 21 of the Complaint.

22. Defendants deny each and every allegation in paragraph 22 of the Complaint.

23. Paragraph 23 characterizes an hour and 45 minutes of congressional testimony at https://www.c-span.org/video/?431852-1/william-browder-overturningmagnitsky-act-putins-top-priority, which speaks for itself and for which no response is required.

24. Defendants deny each and every allegation in paragraph 24 of the Complaint.

25. Defendants deny each and every allegation in paragraph 25 of the Complaint.

26. Defendants deny each and every allegation in paragraph 26 of the Complaint.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. Defendants deny each and every allegation in paragraph 28 of the Complaint. Regarding the allegations in footnote 5, the letter published at https://assets.documentcloud.org/documents/4116755/PerkinsCoie-Fusion-PrivelegeLetter-102417.pdf speaks for itself.

29. Defendants deny each and every allegation in paragraph 29 of the Complaint.

30. Defendants deny each and every allegation in paragraph 30 of the Complaint.

31. Defendants deny each and every allegation in paragraph 31 of the Complaint.

32. Defendants lack knowledge sufficient to form a belief about the truth or falsity of the allegations in paragraph 32 of the Complaint.

33. Defendants deny each and every allegation in paragraph 33 of the Complaint.

34. Defendants deny each and every allegation in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint consists of Plaintiff's characterization of a news article to which no response is required. The news article speaks for itself. Footnote 6 of the Complaint consists of Plaintiff's characterization of a news article to which no response is required. The news article speaks for itself.

36. Paragraph 36 consists of Plaintiff's characterizations of news articles to which no response is required. The news articles speak for themselves.

37. Paragraph 37 of the Complaint consists of Plaintiff's characterization of a news article to which no response is required. The news article speaks for itself.

38. Defendants deny each and every allegation in paragraph 38 of the Complaint.

39. Defendants deny each and every allegation in paragraph 39 of the Complaint.

40. Defendants deny each and every allegation in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation in paragraph 41 of the Complaint. Footnote 7 is Plaintiff's characterization of Plaintiff's knowledge to which no response is required.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of paragraph 42. Defendants deny each and every allegation in the remainder of paragraph 42 of the Complaint.

43. Defendants refer to the letter in its entirety for its true content and meaning.

44. Except to admit that Plaintiff signed subpoenas for documents and to compel testimony from Simpson and Peter Fritsch and Thomas Catan, and that Peter Fritsch and Thomas Catan are Fusion GPS partners, Defendants deny the allegations in the first sentence of paragraph 44. The second sentence of paragraph 44 is a hyperlink and a parenthetical consisting of Plaintiff's characterization of a news article; as to both of these, no response is required. Except to admit that Fritsch is a co-founder of Fusion GPS and Glenn Simpson's business partner, Defendants deny each and every allegation in footnote 8 of the Complaint. Defendants admit the allegations in footnote 9 of the Complaint.

45. Admit that Plaintiff issued a subpoena to Fusion GPS' bank for the company's financial records. Plaintiff's characterization of the proceedings in *Bean, LLC v. John Doe Bank*, Case No. 17-2187 (RJL) (D.D.C. 2017), requires no response. The filings speak for themselves. As to the remainder of the allegations in paragraph 45, Defendants deny each and every allegation.

46. Admit that Simpson testified before a Senate committee on August 22, 2017. The remainder of paragraph 46 consists of Plaintiff's characterizations of Simpson's testimony and the IG Report to which no response is required. Defendants refer to Simpson's August 22, 2017 testimony in its entirety for its true content and meaning, and to the IG Report in its entirety for its true content and meaning. To the extent a response is required, Defendants deny each and every allegation in paragraph 46 of the Complaint.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 characterizes a transcript at https://docs.house.gov/meetings/IG/IG00/20180118/106796/HMTG-115-IG00-20180118-SD002.pdf, which speaks for itself, should be read in its entirety for its true meaning and content, and does not require a response.

49. Defendants deny each and every allegation in paragraph 49 of the Complaint.

50. Defendants refer to Simpson's testimony before the Committee and the Senate Judiciary Committee for its true content and meaning. Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation in paragraph 51 of the Complaint. Footnote 10 of the Complaint calls for a legal conclusion to which no response is required.

52. Defendants deny each and every allegation in paragraph 52 of the Complaint.

53. Defendants deny each and every allegation in paragraph 53 of the Complaint.

54. Except to admit that CfA, on January 25, 2018, submitted an ethics complaint against Plaintiff to the Office of Congressional Ethics ("OCE"), Defendants deny each and every allegation in paragraph 54 of the Complaint, including the allegations in footnote 11 of the Complaint. Defendants refer to CfA's ethics complaint in its entirety for its true content and meaning.

55. Defendants deny each and every allegation in paragraph 55 of the Complaint.

56. Except to note that the "Nunes Memo" speaks for itself, Defendants deny each and every allegation in paragraph 56 of the Complaint.

57. Except to admit that on March 1, 2018, CfA submitted an ethics complaint against Plaintiff to OCE, the remaining allegations in this paragraph consist of Plaintiff's characterization of the ethics complaint to which no response is required. Defendants refer to CfA's ethics complaint in its entirety for its true content and meaning.

58. Defendants deny each and every allegation in paragraph 58 of the Complaint.

59. Defendants deny each and every allegation in paragraph 59 of the Complaint.

60. Paragraph 60 consists of Plaintiff's characterization of statements from *Crime in Progress* to which no response is required. Defendants refer to *Crime in Progress* in its entirety for its true content and meaning. To the extent a response is required, Defendants deny each and every allegation in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint consists of Plaintiff's characterization of a news article to which no response is required. The news article speaks for itself. Footnote 13 consists of argumentative statements and Plaintiff's characterization of events to which no response is required. It does not contain short and plain statements.

62. Except to note that the publications cited speak for themselves and should be read in their entirety for their true meaning and content, Defendants deny each and every allegation in paragraph 62 of the Complaint.

63. Except to admit that the American Democracy Legal Fund submitted an ethics complaint about Plaintiff, Defendants deny each and every allegation in paragraph 63 of the Complaint.

64. Except to admit that CFA submitted an ethics complaint with OCE about Plaintiff, on July 11, 2018, which should be read in its entirety for its true meaning and content, Defendants deny each and every allegation in paragraph 64 of the Complaint.

65. Defendants deny each and every allegation in paragraph 65 of the Complaint.

66. Defendants deny each and every allegation in paragraph 66 of the Complaint.

67. Defendants deny each and every allegation in paragraph 67 of the Complaint.

68. Defendants deny each and every allegation in paragraph 68 of the Complaint.

69. Defendants deny each and every allegation in paragraph 69 of the Complaint.

70. Defendants deny each and every allegation in paragraph 70 of the Complaint.

71. Defendants deny each and every allegation in paragraph 71 of the Complaint.

## COUNT I – VIOLATIONS OF RICO, 18 U.S.C. 1962(c)

72. Defendants repeat and reallege each of their responses and denials to paragraphs 1-71 of the Complaint as if made in response to paragraph 72.

73. Defendants deny each and every allegation in paragraph 73 of the Complaint.

74. Defendants deny each and every allegation in paragraph 74 of the Complaint.

75. Defendants deny each and every allegation in paragraph 75 of the Complaint.

76. Defendants deny each and every allegation in paragraph 76 of the Complaint.

77. Defendants deny each and every allegation in paragraph 77 of the Complaint.

78. Defendants deny each and every allegation in paragraph 78 of the Complaint.

79. Defendants deny each and every allegation in paragraph 79 of the Complaint.

## COUNT II – <u>RICO CONSPIRACY, 18 U.S.C. 1962(c)</u>

80. Defendants repeat and reallege each of their responses and denials to paragraphs 1-79 of the Complaint as if made in response to paragraph 80.

81. Defendants deny each and every allegation in paragraph 81 of the Complaint.

82. Defendants deny each and every allegation in paragraph 82 of the Complaint.

83. Defendants deny each and every allegation in paragraph 83 of the Complaint.

84. Defendants deny each and every allegation in paragraph 84 of the Complaint.

## COUNT III – <u>DECLARATORY AND INJUNCTIVE RELIEF, 18 U.S.C. 1964(a)</u>

85. Defendants repeat and reallege each of their responses and denials to paragraphs 1-84 of the Complaint as if made in response to paragraph 85.

86. Defendants deny each and every allegation in paragraph 86 of the Complaint.

87. Defendants deny each and every allegation in paragraph 87 of the Complaint.

88. Defendants deny each and every allegation in paragraph 88 of the Complaint.

89. Defendants deny each and every allegation in paragraph 89 of the Complaint.

## COUNT IV – <u>TORTIOUS INTERFERENCE</u>

90. Defendants repeat and reallege each of their responses and denials to paragraphs 1-89 of the Complaint as if made in response to paragraph 90.

91. Defendants deny each and every allegation in paragraph 91 of the Complaint.

92. Defendants deny each and every allegation in paragraph 92 of the Complaint.

93. Defendants deny each and every allegation in paragraph 93 of the Complaint.

## COUNT V – <u>COMMON LAW CONSPIRACY</u>

94. Defendants repeat and reallege each of their responses and denials to paragraphs 1-93 of the Complaint as if made in response to paragraph 94.

95. Defendants deny each and every allegation in paragraph 95 of the Complaint. Defendants deny each and every allegation in footnote 15 of the Complaint.

96. Defendants deny each and every allegation in paragraph 96 of the Complaint.

To the extent a response to the WHEREFORE clause is required, Defendants deny each and every allegation contained therein.

## <u>AFFIRMATIVE DEFENSES</u>

1. The Complaint fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. The Complaint does not provide "a short and plain statement" of Plaintiff's claims and the allegations are not "simple, concise, and direct."

2. The Complaint fails to satisfy the requirements of Rule 10 of the Federal Rules of Civil Procedure. The Complaint does not set forth Plaintiff's "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

3. The Complaint fails to state a claim upon which relief can be granted.

4. This Court lacks personal jurisdiction over Defendants Fusion GPS and Glenn Simpson.

5. Plaintiff is not entitled to any recovery under RICO because he cannot satisfy RICO's requirements of proximate cause, a pattern of racketeering activity, a RICO enterprise, predicate acts, or RICO conspiracy.

6. Plaintiff is not entitled to any recovery under RICO because the alleged predicate acts cannot constitute RICO predicate acts as a matter of law.

7. Plaintiff's claims are barred by applicable statutes of limitations or other prescriptive periods, by contract or statute.

8. If Plaintiff has suffered any injury, harm, or damages caused by Defendants' conduct, which Defendants deny, Plaintiff has failed to mitigate his damages.

9. This Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000.

10. Plaintiff has failed to state a claim for tortious interference because Defendants did not cause any breach or termination of a contractual relationship or expectancy of Plaintiff's and because this cause of action does not apply to a Congressman's employment.

11. Plaintiff has failed to state a claim for common law conspiracy because there was no agreement between two or more persons.

12. Plaintiff's claims are barred by the First Amendment to the United States Constitution, including without limitation the freedom of political speech and the freedom of association and under the *Noerr-Pennington* doctrine, and by similar provisions of any applicable state constitutions. The pendency of this lawsuit chills the First Amendment rights of Defendants and others.

Dated: July 14, 2020                              Respectfully submitted,


                                                 /s/      Kerry Brainard Verdi
                                                 Kerry Brainard Verdi
                                                 **Verdi & Ogletree PLLC**
                                                 1325 G St NW, Suite 500
                                                 Washington, DC 20005
                                                 Tel: (202) 449-7703
                                                 Fax: (202) 449-7701
                                                 kverdi@verdiogletree.com


                                                 Joshua A. Levy (*admitted pro hac vice*)
                                                 Rachel Clattenburg (*admitted pro hac vice*)
                                                 **Levy Firestone Muse LLP**
                                                 1401 K. St. NW, Ste. 600
                                                 Washington, D.C. 20005
                                                 jal@levyfirestone.com
                                                 Tel: 202-845-3215
                                                 Fax: 202-595-8253

                                                 *Counsel for Defendants*
                                                 *Fusion GPS and Glenn Simpson*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served through the Court's electronic filing system on July 14, 2020 to counsel of record.

 

                                                    /s/ Kerry Brainard Verdi
                                                       Kerry Brainard Verdi